**Wayne RAMIREZ, Plaintiff,**

v.

**Bishop Herbert SKEETE, Defendant.**

**No. Civ. 85–1879(PG).**

United States District Court,
D. Puerto Rico.

Oct. 19, 1987.

---

Carolyn Boren, Hato Rey, P.R., for plaintiff.

Rafael Escalera Rodríguez, San Juan, P.R., for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

The present case is a diversity action where plaintiff alleges that defendant intentionally interfered with the employment contract between himself and Robinson School. Plaintiff's cause of action is grounded on Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 5141, as construed by the Supreme Court of Puerto Rico in *General Office Products v. A.M. Capen's Sons*, 115 D.P.R. 553 (1984). The school is not a party here because plaintiff's claim does not involve its rights or obligations. Pending in the Superior Court of Puerto Rico, San Juan Part, is a related breach of contract action (Civ.Case 85–

5122(904)) brought by plaintiff against Robinson School for the damages suffered because of the school's allegedly wrongful termination of the employment contract with plaintiff.

■ Before our Court is defendant's motion requesting dismissal of the complaint based on grounds of comity and federalism in light of the doctrine of *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and later Supreme Court cases applying its rationale. *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978); *Moses H. Cone Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). In essence, the *Colorado River* doctrine, a parallel to the abstention doctrines, permits federal courts to stay or dismiss an action when considerations of wise judicial administration, concerns of comity and comprehensive disposition of litigation warrant deference to ongoing proceedings in a state court with concurrent jurisdiction. Thus, a federal court with indisputable jurisdiction may nevertheless refuse to exercise it if the federal case involves exceptional circumstances weighing in favor of a state court resolution of the case. Those circumstances are present here and, therefore, defendant's motion is granted and the case is dismissed.

In *Colorado River*, the Supreme Court advised us of the general rule that "the pending of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." 424 U.S. at 817, 96 S.Ct. at 1246. The Court also told us about "the virtually unflagging obligation of the federal courts to exercise the jurisdition given them." *Id.* Notwithstanding, the Court then proceeded to identify several factors reflecting the exceptional circumstances that could warrant a dismissal of a federal suit due to the presence of a concurrent state proceeding. These factors include: (1) which court first assumed jurisdiction over any res or property involved in the action; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation;

(4) the order in which jurisdiction was obtained by concurrent forums; and (5) whether federal law supplies the rule of decision. *Moses H. Cone Hospital,* 460 U.S. at 19–28, 103 S.Ct. at 938–43. A balancing of this Court's obligation to exercise the jurisdiction given and the listed factors present in this case counsels against the adjudication of this action in our forum.

■ As to the first factor enumerated, both parties agree that it is irrelevant here since no res or property is involved. As to the convenience-of-forum factor, its application supports defendant's motion. Although we acknowledge that this dismissal burdens plaintiff by making him obtain jurisdiction over defendant to join him in the state court action,[1] more compelling judicial efficiency considerations warrant our decision. In the state court proceedings, discovery is in a far advanced stage while none has been commenced here. It is true, as plaintiff avers, that the local court case does not include depositions nor interrogatories of defendant, discovery that must be made in order to decide this action. But, neither has any such discovery been ordered here. Moreover, discovery of other facts essential to this cause of action,[2] *e.g.,* the damages incurred by plaintiff, is well on its way in the local court proceedings. To maintain plaintiff's actions both here and in the local court would represent an unnecessary duplication of proceedings and, thus, a waste of precious court resources.

The factor of avoidance of piecemeal litigation also tips the balance in favor of defendant's motion. All matters in controversy here can be fully adjudicated in the state court proceedings by joining defendant there. This would serve the paramount

principle of the *Colorado River, i.e.,* to have comprehensive disposition of litigation. 424 U.S. at 817, 96 S.Ct. at 1246. Given the close connection between the local and federal actions as a result of the issues that are common or similar to both of them, it is preferable to have a unified process. And such unification can only take place in the local court because, if the local case defendant, Robinson, is joined here, our court's diversity jurisdiction would be destroyed as Robinson is a non-diverse party. On the other hand, as defendant Bishop Skeete rightfully contends, his inclusion in the local court dispute would present no jurisdictional problem.

As to the factor of which court obtained jurisdiction first, it is inapplicable here because the local court has yet to entertain the matter against defendant. A somewhat related factor, however, is plaintiff's apparent suggestion that the *Colorado River* doctrine should not be applied because the local action does not involve the same parties or issues present here. We do recognize such differences, but nowhere in *Colorado River* is identity of parties or issues required to trigger its doctrine. *Compare, Landis v. North American, Inc.,* 299 U.S. 248, 254, 57 S.Ct. 163, 165–66, 81 L.Ed. 153 (1936). The guidelines for the doctrine's application are only considerations "of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246, *quoting from, Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952).

---

1. Such joinder should not be too imposing on plaintiff since defendant is advocating for the state court to see this action. Moreover, defendant himself expressed in his motion requesting dismissal that his joinder there would present no jurisdictional obstacle.

2. In order to recover in this action for tortious interference with a contractual relation, plaintiff would have to prove: 1) defendant's interference with a valid contract; 2) that such interference was intentional; 3) resulting damage incurred by plaintiff; and 4) a causal nexus

between defendant's acts and plaintiff's damages. *General Office Products Corp. v. A.M. Capen's Sons, Inc.,* 115 D.P.R. 553, 558–59 (1984) In the local breach of contract action, defendant's answer has already accepted that there was a valid contract at the time of his alleged interference. Moreover, the key damages element above, dependent upon whether there was a valid contract between plaintiff and Robinson until 1990, has been and will be the subject of much discovery in the local court because it is one of the main issues there.

Finally, the last *Colorado River* factor also calls for the dismissal of this dispute. Plaintiff's course of action is one based strictly on state law. None of his rights under the U.S. Constitution or federal laws were allegedly violated by defendant. Moreover, since plaintiff is a resident of Puerto Rico, the primary purpose behind this Court's diversity jurisdiction, *i.e.*, to offer out-of-state litigants an alternative forum to the state courts because of their fear that those courts might be prejudiced against them, would not be served by keeping this case here. Thus, retaining jurisdiction over it would serve no federal interest. *Liberty Mutual Insurance Co. v. Foremost–McKesson, Inc.*, 751 F.2d 475, 477 (1st Cir.1985).

In light of the presence of several *Colorado River* "exceptional circumstances", and not without due regard to our "unflagging obligation" to exercise the jurisdiction given to us, we must dismiss the present action. "Wise judicial administration" calls for our deference to the ongoing local court proceedings.

THEREFORE, defendant's motion to dismiss is hereby GRANTED, and this case is DISMISSED.

IT IS SO ORDERED.