**EAST TEXAS DISTRIBUTING, INC., Plaintiff,**

v.

**EL GRAN VIDEO CORP., Defendant.**

Civ. No. 90–2050 (JP).

United States District Court
D. Puerto Rico.

Nov. 4, 1991.

Rossell Barrios–Amy, McConnell Valdés Kelley Sifre Griggs & Ruiz Suria, San Juan, P.R., for plaintiff.

Samuel A. Silva–Rosas, Hernández & Vidal, San Juan, P.R., for defendant El Gran Video Corp.

William M. Vidal–Carvajal, Hernández & Vidal, San Juan, P.R., for defendants J.J. Juarbe and J.J. Distributors.

## OPINION AND ORDER

PIERAS, District Judge.

The Court has before it defendant's Motion to Dismiss dated July 18, 1991, and plaintiff's Motion for Summary Judgment dated August 5, 1991. For the reasons set forth below defendant's motion is hereby DENIED and plaintiff's motion is hereby GRANTED.

### I. *Background*

Plaintiff East Texas Distributing, Inc. (hereinafter "ETD") is a Texas corporation that distributes video films. Defendant El Gran Video Corporation ("El Gran Video") is a Puerto Rico corporation which during 1989 and 1990 purchased video films from ETD with the purpose of reselling them for profit. The agreement between the parties was that ETD would supply El Gran Video with videos upon request and in return El Gran Video would pay ETD in full for the videos it purchased, within fifty (50) days from the invoice date, and El Gran Video's President, Jay L. Majors, would personally guarantee El Gran Video's debt. ETD alleges that El Gran Video failed to pay for merchandise in the amount of $173,957.85. El Gran Video counterclaimed that it had an exclusive distributorship agreement with ETD that was breached when ETD sent a representative to Puerto Rico to attempt to sell its merchandise directly to clients. El Gran Video also filed a third-party complaint against J.J. Juarbe and J.J. Distributors, competitors of El Gran Video, alleging that they colluded with plaintiff to damage defendant. By a Pretrial Order dated September 23, 1991, the Court dismissed defendant's counterclaim for failure to comply with a July 19, 1991, Order of the Court directing that certain documents be produced. Upon learning of the fate of its counterclaim, defendant informed the Court that it would necessarily be withdrawing its third-party complaint. To this date, however, defendant has not yet filed a motion to dismiss the third-party complaint. Because of the Court's disposition of the underlying suit, the Court nonetheless rules that the third-party complaint is hereby DISMISSED for lack of jurisdiction.[1] *Accord* 28 U.S.C. § 1332.

### II. *Defendant's Motion to Dismiss*

El Gran Video's Motion to Dismiss is premised on two separate grounds. First, El Gran Video argues that the Court is without jurisdiction to hear this case because a lack of complete diversity which resulted after defendant filed its third-party complaint, since the third-party defendants, like El Gran Video, are domiciled in Puerto Rico. By virtue of the Court's dismissal of El Gran Video's third-party complaint, this jurisdictional ground for its motion to dismiss disappeared. Second, defendant argues that the case presents "exceptional circumstances" which warrant abstention under the doctrine set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

■ The Supreme Court in *Colorado River* established a doctrine governing the stay or dismissal of federal lawsuits which operates as an alternative in circumstances in which the three traditional categories of abstention are inapplicable. *Id.* at 817, 96 S.Ct. at 1246.[2] This alternative basis rests

1. As defendant itself has pointed out to the Court, defendant and third-party defendants are all domiciled in Puerto Rico. Therefore, the diversity of citizenship basis for subject matter jurisdiction that allowed the underlying complaint to be brought in federal court does not exist for the third-party complaint, which therefore must be dismissed.

2. The three abstention categories discussed by the Supreme Court were: (i) where a federal court can avoid constitutional determinations by allowing a state court to construe a state law (*Pullman* abstention); (ii) where the case involves difficult questions of state law whose importance transcends the result of the case at bar (*Burford* abstention); and (iii) where federal jurisdiction has been invoked for the purpose

not on "considerations of state-federal comity or on avoidance of constitutional decisions, as does abstention, but on 'considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." '" *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 14–15, 103 S.Ct. 927, 936, 74 L.Ed.2d 765 (1983) (quoting *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246 (quoting *Kerotest Manufacturing Co. v. C–O– Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952))).

The Court of Appeals for the First Circuit, upon reviewing the scope of the *Colorado River* doctrine, has repeatedly noted that the Court itself "took care to emphasize its narrowness." *Villa Marina Yacht Sales v. Hatteras Yachts (Villa Marina I )*, 915 F.2d 7, 12 (1st Cir.1990); *see also Rojas–Hernández v. Puerto Rico Electric Power Authority*, 925 F.2d 492, 495–96 (1st Cir.1991); *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts (Villa Marina II)*, 947 F.2d 529, 532 (1st Cir.1991). The First Circuit has explained:

> Because federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them," *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246, the Court held that the surrender of jurisdiction in favor of "wise judicial administration" is permissible only in "exceptional" circumstances, *id.* at 818, 96 S.Ct. at 1246.
>
> Thus, while "the general principle [in an overlap between two federal district courts] is to avoid duplicative litigation," *id.* at 817, 96 S.Ct. at 1246, the pendency of an overlapping state court suit is an insufficient basis in and of itself to warrant dismissal of a federal suit. Because "[o]nly the clearest of justifications will warrant dismissal" *id.* at 819, 96 S.Ct. at 1247, the circumstances permitting a district court to dismiss a case under the

*Colorado River* doctrine "are considerably more limited than the circumstances appropriate for abstention," *id.* at 818, 96 S.Ct. at 1246.

*Villa Marina I*, 915 F.2d at 12 (editing in original). The First Circuit has also recently directed that "[t]o ensure that dismissals occur only in exceptional circumstances, the district court must weigh the relevant factors 'with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Villa Marina II*, 947 F.2d at 532.

In *Colorado River*, the Court listed four conditions that might counsel against a federal court's exercise of jurisdiction:

(i) where a *res* is involved in the litigation and another court has already exercised jurisdiction over it; (ii) the federal forum is inconvenient; (iii) staying or dismissing the suit would avoid piecemeal litigation; and (iv) jurisdiction was obtained in the state forum first. *Colorado River*, 424 U.S. at 818–19, 96 S.Ct. at 1246–47. Since *Colorado River*, the Court has added to this list of factors. In *Moses H. Cone v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1982), the court added two more conditions: (v) where state law controls the action; and (vi) the state forum will adequately protect the interests of the parties. *Id.* at 25–26, 103 S.Ct. at 941–42.

Defendant's *Colorado River* arguments can be dismissed without even setting forth in detail the application of the six-factor analysis. The primary interest to be protected by *Colorado River* is wise judicial administration. Since this Court, by virtue of this Opinion and Order, grants plaintiff's motion for summary judgment and thereby brings an end to this lawsuit, it is beyond doubt that the interests of judicial administration are best served by this Court exercising its jurisdiction. The Court nonetheless notes for the record that a full analysis of the *Colorado River* factors was conducted and concluded that defendants are far from satisfying their burden.[3] De-

---

of restraining state criminal proceedings (*Younger* abstention). *Colorado River*, 424 U.S. at 814–16, 96 S.Ct. at 1244–45.

**3.** (1) No *res* is involved in this suit; therefore, factor one is inapplicable. (2) The federal fo-

rum, in Hato Rey, San Juan, Puerto Rico, is more convenient to the remaining parties in this suit than Aguadilla, Puerto Rico, the forum to which the Commonwealth action has been transferred, over the strenuous objections of ETD. (3) As already noted, since the Court

fendant's Motion to Dismiss is therefore DENIED.

### III. *Plaintiff's Motion for Summary Judgment*

■ On August 5, 1991, ETD filed for summary judgment on its collection action. Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of summary judgment in a case where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). *Brennan v. Hendrigan*, 888 F.2d 189, 191 (1st Cir.1989); *Lipsett v. University of Puerto Rico*, 864 F.2d 881, 894 (1st Cir.1988). Summary judgment is appropriate where, after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, there is not the slightest doubt as to whether a genuine issue of material fact exists. *Peckham v. Ronrico Corp.*, 171 F.2d 653 (1st Cir.1948). A "genuine" issue is one that is dispositive, and which consequently must be decided at trial. *Mack v. Great Atlantic and Pacific Tea Co.*, 871 F.2d 179, 181 (1st Cir.1989); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). A "material" fact, which the substantive law will identify, is one which affects the outcome of the suit and which must be resolved before attending to related legal issues. *Mack, supra*, at 181.

Essentially, Rule 56(c) mandates that summary judgment be entered against a party who fails to establish the existence of an element essential to that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Therefore, the burden is first on the movant to show "that there is an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. at 2554. Thereafter, the burden shifts to the non-movant to establish, through the filing of supporting affidavits or otherwise, the existence of a genuine material issue. *Brennan, supra*, at 191. The nonmovant cannot rest upon mere allegation or denial of the pleadings. Fed.R.Civ.P. 56(e). The non-movant must instead affirmatively show that "sufficient evidence supporting the claimed factual dispute [exists] to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First National Bank v. Cities Service Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968).

■ In support of its motion for summary judgment, ETD filed a short Statement of Uncontested Facts which set forth the terms of the agreement between the parties, the nature of defendant's failure to make payments in full, and the extent of defendant's outstanding debt. All of the facts were supported by documents, whose grounds for admissibility at trial were set forth, attached as exhibits to the motion. El Gran Video filed an opposition to ETD's motion that concentrated on issues wholly irrelevant to this action. It argued issues involving Mr. Major's personal liability pursuant to the guarantee agreement, which, as ETD points out in its response to defendant's opposition, are not at issue in this case. The only relevance of the guarantee agreement to this case involves ETD's request for attorneys fees as provided for in the guarantee agreement.

■ In addition, since in its own Statement of Contested Facts El Gran Video

---

disposes of this case through this Order, which will be accorded *res judicata* effect in the Commonwealth court, the Court's exercise of jurisdiction avoids piecemeal litigation. (4) Since the federal and Commonwealth actions were filed within two weeks of each other, factor four does not counsel strongly against the exercise of federal jurisdiction. (5) Since the First Circuit, in *Rojas–Hernández,* noted that factor five will weigh against federal jurisdiction only where the cases involve novel issues of state law (925 F.2d at 496), and these cases are essentially very simply collection of money actions, this factor does not weigh in favor of abstention. (6) Finally, although the court in *Rojas–Hernández* also stated that factor six "operates against the surrender of jurisdiction only where the state forum may not be adequate to adjudicate the claims" and therefore may weigh in favor of surrender (*id.*), it should also be noted that the federal forum is also adequate to adjudicate these issues.

**24**

admits that it owes at least $103,354.50 to ETD, the issue of liability in this case is no longer contested. The only genuine contested issue arguably remaining in this case involves the *amount* of El Gran Video's indebtedness to ETD. The only evidence El Gran Video has set forth in support of their claim that the amount owed is less than that claimed by ETD is contained in a single-page Statement of Account annexed to the sworn statement of Mr. Jesús Hernández, the manager of El Gran Video from 1989–90, which is attached to their opposition to plaintiff's motion.[4] Defendant fails to establish through the sworn statement, however, not only the admissibility of the Statement of Account but also its authenticity. The Court therefore finds no reliable evidence in the record that contradicts ETD's assertion that it is owed $173,957.85 by El Gran Video. As a result, the Court finds that El Gran Video has fallen far short of its obligation of establishing that a genuine issue of material fact remains to be litigated in this case. The Court therefore GRANTS ETD's motion for summary judgment.

Finally, the Court notes that Plaintiff's Motion for Summary Judgment included a request for attorneys' fees. Since plaintiff's request failed to set forth in any detail the alleged grounds for the awarding of attorneys' fees, however, the Court hereby DENIES plaintiffs request for attorneys' fees.

### IV. *Conclusion*

Plaintiff's Motion for Summary Judgment is GRANTED. By virtue of this Opinion and Order, the Trial set in this case for November 7, 1991, at 9:00 a.m., is hereby VACATED.

IT IS SO ORDERED.

---

4. The sworn statement of Mr. Hernández is in a negligible fashion procedurally deficient. Since the Court finds that it has no substantive value either, it is unnecessary to rule on a Motion in Limine filed by plaintiff asking that the statement be stricken from the record.