**NORTH AMERICAN BOXING ORGANIZATION INTERCONTINENTAL, INC., Plaintiff,**

v.

**NORTH AMERICAN BOXING ORGANIZATION, INC., et al., Defendants.**

**No. CIV. 98–1766(SEC).**

United States District Court, D. Puerto Rico.

Feb. 22, 1999.

José L. Nieto–Mingo, Nieto & Vazquez, San Juan, PR, for Plaintiff.

Edilberto Berríos–Dávila, Luis Fernández–Ramírez, San Juan, PR, Andrew W. Horn, Miami, FL, for Defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

This case is before the Court on defendants' motion to dismiss pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and its progeny (**Dockets # 8, 10**), which was duly opposed (**Docket # 19**). For the reasons set forth below, defendants' motion (**Dockets # 8, 10**) is hereby **GRANTED** in part and **DENIED** in part.

### Factual and Procedural Background

Plaintiff, North American Boxing Organization Intercontinental, Inc. (hereinafter "NABO–Intercontinental"), is an Arizona corporation with its principal place of business in Illinois. Named as defendants are North American Boxing Organization, Inc. (hereinafter "NABO–Puerto Rico"), Organización Mundial de Boxeo, Inc. a/k/a World Boxing Organization (hereinafter "WBO–Puerto Rico"), Francisco Valcárcel, Luis Batista Salas, Luis Pérez, XYZ, Inc., John Doe and Jane Roe. NABO–Puerto Rico and WBO–Puerto Rico are corporations organized and existing under the laws of the Commonwealth of Puerto Rico having their principal place of business in Puerto Rico. Named personal defendants are citizens of the Commonwealth of Puerto Rico. Unnamed corporate defendant XYZ, Inc. is allegedly a corporation organized under the laws of a State other than Arizona or Illinois, and having its principal place of business in a State other than Arizona or Illinois. Unnamed personal co-defendants John Doe and Jane Roe are allegedly citizens of a State other than Arizona or Illinois.

On October 18, 1996, defendants WBO–Puerto Rico and NABO–Puerto Rico filed suit in the Puerto Rico Court of First Instance, Superior Court, San Juan Part against various individual and corporate defendants. This action was captioned *Organización Mundial de Boxeo, Inc., et al. v. John H. Montaño, et al.*, Civil No. KPE 96–0764(907). On September 29, 1997, WBO–Puerto Rico and NABO–Puerto Rico amended their complaint joining NABO–Intercontinental as co-defendant. In their amended complaint, WBO–Puerto Rico and NABO–Puerto Rico prayed for preliminary and permanent injunctive relief and declaratory judgment based on defendants' (NABO–Intercontinental among them) alleged infringement of the name NABO and some of its variants under the laws of the Commonwealth of Puerto Rico.[1] On June 19, 1998, NABO–Intercontinental filed an answer and counterclaim.

The present action was filed by NABO–Intercontinental on July 2, 1998, seeking damages and injunctive relief for unfair competition, trade name, trademark and service mark infringement under the laws of the Commonwealth of Puerto Rico; as well as damages and injunctive relief for false representation and false designation of origin under Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a). Jurisdiction is invoked under this provision and under 28 U.S.C. §§ 1331 and 1332. At issue is defendants' alleged unauthorized use of the name and mark North American Boxing Organization and/or NABO. On August 18, 1998, based on the pendency of the state action in which they appear as plaintiffs, defendants moved for dismissal

---

1. Plaintiffs also prayed for damages under Commonwealth tort law and requested the return of certain bank account funds that allegedly were illegally withdrawn by some co-defendants.

under the principles established in *Colorado River* and subsequent cases.

## The Colorado River Doctrine

In *Colorado River* the Supreme Court established a narrow [2] doctrine allowing district courts to stay or dismiss a federal action because of parallel state-court litigation. The Court recognized that while federal courts have a "virtually unflagging obligation" to exercise their jurisdiction, exceptional circumstances premised on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation[,]" 424 U.S. at 817–18, 96 S.Ct. 1236 (citations omitted), may sometimes permit the dismissal of a federal action which is duplicative of a pending state proceeding. The Court in *Colorado River* articulated an "exceptional circumstances" test of four factors which district courts should consider in assessing whether dismissal is appropriate: (1) whether either the federal or the state court has assumed jurisdiction over property, (2) "the inconvenience of the federal forum," (3) "the desirability of avoiding piecemeal litigation," and (4) "the order in which jurisdiction was obtained by the concurrent forums." *Id.* at 818, 96 S.Ct. 1236 (citations omitted).

Regarding the third factor, the First Circuit has stated that "in considering whether the concern for avoiding piecemeal litigation should play a role in ... [a given] case, the district court must look beyond the routine inefficiency that is the inevitable result of parallel proceedings to determine whether there is some exceptional basis for requiring the case to proceed entirely in the ... [state court]." *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 915 F.2d 7, 16 (1st Cir.1990) (hereinafter *"Villa Marina I "*). Duplication, by itself, does not justify surrendering jurisdiction. *Elmendorf Gráfica, Inc. v. D.S. America (East), Inc.*, 48 F.3d 46, 52 (1st

Cir.1995); *Rojas–Hernández v. Puerto Rico Elec. Power Auth.*, 925 F.2d 492, 496 (1st Cir.1991); *Villa Marina I*, 915 F.2d at 13, 16. The First Circuit has given "most weight to this factor where piecemeal litigation would *severely prejudice* one of the parties." *Rojas–Hernández*, 925 F.2d at 496 (citations omitted).

With regard to the fourth factor, the Supreme Court has advised that:

> This factor, as with the other *Colorado River* factors, is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand. Thus, priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 22, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

In *Moses H. Cone* the Supreme Court listed two additional considerations which may be factored in the district court's assessment of the appropriateness of dismissal: (5) whether federal or state law controls (the "source-of-law factor"), and (6) "the probable adequacy of the state-court proceeding to protect ... [the parties'] rights." *Id.* at 23–26, 103 S.Ct. 927. Regarding the fifth factor, the Court emphasized that while rarely the presence of state-law issues may tip the balance in favor of surrendering jurisdiction, "the presence of federal issues must always be a major consideration weighing against surrender." *Id.* at 25, 103 S.Ct. 927.

As to the sixth factor, the First Circuit has acknowledged that, generally, the fact that a federal court civil plaintiff has the right to have his case tried by a jury—a right not available in the courts of the Commonwealth—makes the federal forum more advantageous to plaintiffs. *See Villa Marina Yacht Sales v. Hatteras Yachts, (Villa Marina II)*, 947 F.2d 529, 537 (1st

---

**2.** *See, e.g., Elmendorf Gráfica, Inc. v. D.S. America (East), Inc.,* 48 F.3d 46, 50 (1st Cir. 1995); *Burns v. Watler,* 931 F.2d 140, 145 (1st

Cir.1991); *Fumero–Vidal v. First Fed. Sav. Bank,* 788 F.Supp. 1275, 1282 (D.P.R.1992).

Cir.1991), *cert. denied,* 503 U.S. 986, 112 S.Ct. 1674, 118 L.Ed.2d 393 (1992) (hereinafter *"Villa Marina II"*). Nevertheless, this factor "operates against the surrender of jurisdiction only when the state forum may not be adequate to adjudicate the claims." *Rojas–Hernández,* 925 F.2d at 496; *see also Burns v. Watler,* 931 F.2d 140, 147 (1st Cir.1991).

Another factor considered by some courts is the motivation for the federal lawsuit, particularly, whether it is vexatious or reactive in nature. *See Elmendorf Gráfica,* 48 F.3d at 50; *Villa Marina II,* 947 F.2d at 532; *Villa Marina I,* 915 F.2d at 15; *Fuller Company v. Ramón I. Gil, Inc.,* 782 F.2d 306, 309–10 (1st Cir.1986); *Marcano Arroyo v. K–Mart, Inc.,* 24 F.Supp.2d 169, 172 (D.P.R.1998); *Fumero–Vidal v. First Fed. Sav. Bank,* 788 F.Supp. 1275, 1282 (D.P.R.1992). This factor, though not relied on, was mentioned by the Supreme Court in *Moses H. Cone,* 460 U.S. at 17 n. 20, 103 S.Ct. 927, as having "considerable merit." The First Circuit has counted motivation as a factor in favor of dismissal in some cases. For example, in *Fuller Company,* the fact that the federal lawsuit was brought in reaction to an adverse ruling by the state court was assessed in favor of dismissal. *See* 782 F.2d at 309–10. In *Villa Marina II,* the district court had found a subsequent federal action to be reactive because it was filed only after the state court had rejected plaintiff's application for a preliminary injunction and after plaintiff's previous federal suit had been dismissed. The circuit court concluded that such facts supported the district court's finding. *See* 947 F.2d at 533.

"No one factor," however, "is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required. Only the clearest of justifications will warrant dismissal." *Id.* at 818–19, 96 S.Ct. 1236, 47 L.Ed.2d 483 (citations omitted). "[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone,* 460 U.S. at 16, 103 S.Ct. 927 (emphasis added).

Ultimately, "the decision whether to defer to the state court is necessarily left to the discretion of the district court in the first instance," subject to reversal only for an abuse of that discretion. *Id.* at 19, 103 S.Ct. 927. "Such discretion must be exercised, however, within the constraints of the 'exceptional-circumstances test . . . .' " *Elmendorf Gráfica,* 48 F.3d at 50 (quoting *Moses H. Cone,* 460 U.S. at 19, 103 S.Ct. 927); *see also Villa Marina I,* 915 F.2d at 13 (stating that the determination on appeal focuses on "whether the district court abused its discretion in finding that 'exceptional circumstances' outweighed the court's 'virtually unflagging obligation . . . to exercise the jurisdiction given [it]' ") (citation omitted).

■ Recently, however, the Supreme Court held that while district courts may stay or dismiss an action based on abstention principles where the relief sought is equitable or otherwise discretionary, they may only stay, but not dismiss, a damages action based on those principles. *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 116 S.Ct. 1712, 1722–28, 135 L.Ed.2d 1 (1996). After a thorough examination, the Court concluded that:

> [Our precedents] demonstrate that the power to dismiss . . . [based on abstention principles] . . . derives from the discretion historically enjoyed by the courts of equity. . . . Ultimately, what is at stake is a federal court's decision, based on a careful consideration of the federal interests in retaining jurisdiction over the dispute and the competing concern for the "independence of state action," that the State's interests are paramount

and that a dispute would best be adjudicated in a state forum.

*Id.* at 1726 (citations omitted).

The First Circuit has not taken the Court's words in *Quackenbush* lightly and has avoided hair-splitting, stating the law as follows: "the Supreme Court held that abstention, under *Burford* or otherwise, may be appropriate in suits for damages. But the Court further held that in a damages action, the district court may only order a stay pending resolution of state proceedings; *it cannot invoke abstention to dismiss the suit altogether.*" *DeMauro v. DeMauro*, 115 F.3d 94, 98 (1st Cir.1997) (citations omitted) (emphasis added). "This rule," as the circuit court noted, "may seem rather wooden, given the merger of law and equity, but the Court means what it says . . . ." *Id.*

*DeMauro* involved a private civil RICO action, which the court found to be "primarily a damages action," in part due to the uncertainty of whether "equitable relief is even available to private plaintiffs under civil RICO." *Id.* at 98 (citation omitted). This case, however, involves legal as well as equitable relief. Plaintiff is seeking damages pursuant to the unfair competition provision of the Lanham Act, 15 U.S.C. § 1125(a) and under Commonwealth tort law. It is also seeking preliminary and permanent injunctive relief. The mixed nature of this action precludes the possibility of dismissing this lawsuit altogether, leaving this Court powerless to grant the remedy for which defendants' pray. To order a stay of this action would not be proper either, because of the strong possibility that this forum would have nothing further to adjudicate after the resolution of the state court action. In a situation like this, there is no distinction between a dismissal and a stay. *See Moses H. Cone*, 460 U.S. at 10, 27–28, 103 S.Ct. 927. However, plaintiff's prayer for a preliminary injunction rests on different ground.

**Analysis**

■ Defendants concede—and plaintiff does not dispute—that the first two factors—whether either court has exercised jurisdiction over property and the inconvenience of this forum—are immaterial in this case. The Court will thus direct its analysis to the remaining factors, "giving weight to the heavy presumption favoring the exercise of jurisdiction." *Villa Marina I*, 915 F.2d at 13.

**The Desirability of Avoiding Piecemeal Litigation**

Before addressing this factor, we shall consider plaintiff's contention that its federal action is not duplicative of the state court action. The basis for this contention is that both the parties and the causes of action involved are different in each. The argument is not entirely without merit. To be sure, herein plaintiff, NABO–Intercontinental, is named as a co-defendant (in conjunction with others not parties to this action) in the state court action. Also, plaintiff's state court counterclaim is strictly premised on Commonwealth law, while its federal complaint presents a federal question under the Lanham Act. This last difference aside, the factual allegations of plaintiff's federal complaint are essentially identical to its state court counterclaim. What is essentially at issue in both suits is the rightful ownership and authorized use of the name and mark North American Boxing Organization and/or NABO. Thus, plaintiff's federal lawsuit is duplicative of the state court proceeding. *See Villa Marina II*, 947 F.2d at 533 (noting that "perfect identity of issues is not a prerequisite for dismissal") (citations omitted); *Ramírez v. Skeete*, 671 F.Supp. 892, 893 (D.P.R.1987) (while recognizing such differences, stating that "nowhere in *Colorado River* is identity of the parties or issues required to trigger its doctrine"); *Calvert Fire Ins. Co. v. American Mutual Reins. Co.*, 600 F.2d 1228, 1230 n. 1 (7th Cir.1979) ("A suit is 'parallel' when substantially the same parties are contemporaneously liti-

gating substantially the same issues in another forum, thus making it likely that the judgment in one suit will have a *res judicata* effect in the other suit.").

Defendants contend that to exercise jurisdiction over plaintiff's claim allowing parallel lawsuits to continue "would represent an unnecessary duplication of proceedings and a waste of precious court resources." (**Docket # 8 at 7.**) While this circumstance alone would be insufficient to warrant dismissal, *see Villa Marina I*, 913 F.2d at 13, its presence, in conjunction with other circumstances discussed below, favors abstention. First, the duplicative nature of this case would result in friction between the federal and state forums. To be sure, a preliminary injunction proceeding against plaintiff is currently pending before the state court. To exercise jurisdiction over plaintiff's request for a preliminary injunction in this forum would only initiate a race between parallel proceedings in which this Court is not eager to participate. Second, there exists the potential for harmful inconsistent determinations. For example, should parallel proceedings for injunction continue, defendants could eventually be enjoined by this court from carrying out activities they would otherwise be permitted to engage in under the state court determination. *See González v. Cruz*, 926 F.2d 1, 4 (1st Cir. 1991) (noting that the potential for harmful inconsistent determinations would weigh "in favor of adjudication within a single forum"). Third, to hold parallel injunction proceedings would further aggravate the financial burden upon the parties, and result in a waste of judicial resources.

## Order in Which Jurisdiction Was Obtained

It is undisputed that in the present case the state court obtained jurisdiction first; defendants have now been litigating for over two years before the state court. They assert, moreover, that "the local proceeding has advanced to a stage where judgment may be rendered any day[,] whereas this case is in infancy." (**Docket # 10 at 4.**) In trying to determine as precisely as possible the actual relative progress of both proceedings, the Court will refer to information outside the pleadings relating to the instant motion to dismiss, but which has become part of the record through other filings by the parties. At present, some discovery has been conducted,[3] an order of permanent injunction has been issued as to some of the state court defendants (NABO–Intercontinental not among them),[4] a motion for partial dismissal is pending, and a motion for summary judgment presented by NABO–Intercontinental has been denied. A hearing for preliminary injunction was scheduled by the state court for January 19, 1998. (**Docket # 23 at 7.**) The parties, however, have not informed the Court whether such hearing was ever held or, if held, what was the outcome. Regarding the progress of this action, some discovery has been conducted (probably less that in the state court case), and a few motions have been filed some of which have been ruled upon. Overall, the state court proceeding is substantially more advanced than this one, so this factor weighs in favor of abstention.

## Source–of–Law Factor

Here, the assertion by plaintiff of some causes of action under Commonwealth law

---

3. It should be noted, however, that the extent of such discovery is far from clear. For example, defendants assert that discovery in the state proceeding "should have been completed a long time ago" (**Docket # 8 at 7; Docket # 10 at 5.**) While some discovery may have been conducted, the expectant undertones of defendants' assertion suggests that not much progress has been accomplished. On its part, plaintiff asserts that while defendants have conducted extensive discovery regarding the other co-defendants in the state court action

who are not parties to this suit, NABO–Intercontinental "has been largely unable to conduct any discovery due to Defendants' vigorous opposition to all discovery." (**Docket # 19 at 13** (emphasis omitted).)

4. The state court's permanent injunction does not affect plaintiff, since it was entered with the consent of some of the state defendants, except for NABO–Intercontinental.

is of little significance. Defendants do not argue that this case presents any complex questions of state law "that would best be resolved by a state court." *Villa Marina I*, 915 F.2d at 15 (citations and internal quotations omitted). To the contrary, the presence of a federal issue—whether NABO–Intercontinental has a cause of action against defendants under the Lanham Act's unfair competition provision, 15 U.S.C. § 1125(a)—weighs heavily against the decision to give up jurisdiction. Therefore, this factor weighs against the surrender of jurisdiction.

### Adequacy of the State Forum to Protect the Parties' Rights

Defendants do not mention this factor either in their motion or their brief in support thereof. While the right to a jury trial would normally make this forum more advantageous to plaintiff, this factor is immaterial in this case, because the Court would only be declining jurisdiction over the preliminary injunction, which is a matter entirely for the Court to decide. No jury is involved. Moreover, we find that the state forum would be as adequate as this forum to preside over the injunction proceeding. Accordingly, this factor also tips the balance in favor of abstention.

### Motivation

The thrust of defendants' argument for abstention is that plaintiff's action is reactive and vexatious. As characterized by defendants, plaintiff's suit "is nothing more than a defensive tactical maneuver, based on a contrived federal claim." (**Docket # 10 at 5.**) The Supreme Court in *Moses H. Cone* acknowledged that the motivation factor may have considerable significance in applying the *Colorado River* doctrine. *See* 460 U.S. at 17 n. 20, 103 S.Ct. 927.

Here, plaintiff was joined as a co-defendant in the state court action. Less than three weeks after filing its answer and counterclaim in that action it filed this federal suit. The fact that plaintiff's federal complaint mirrors its state counterclaim bolsters defendants' argument that this suit is "a defensive tactical maneuver, based on a contrived federal claim." (**Docket # 10 at 5.**)[5] This is probably the most important factor weighing in favor of abstention in the present case.

### Conclusion

We have determined that while the source-of-law factor favors the exercise of jurisdiction. However, the fact that there exists the potential for harmful inconsistent determinations; the fact that the state court proceeding is substantially more advanced than this one; the fact that the state forum would be as adequate as this forum to resolve the preliminary injunction; and the fact that plaintiff's federal action appears to be reactive; all lead us to conclude that this case presents exceptional circumstances that permit this Court to abstain from exercising jurisdiction over plaintiff's prayer for injunctive relief. These factors appear to us to present exceptional circumstances warranting the dismissal of this suit altogether. However, in light of the holdings in *Quackenbush* and *Moses H. Cone*, the Court will assume jurisdiction over the remainder of the action. Pursuant to the above, defendants' motion to dismiss (**Dockets # 8, # 10**) is hereby **GRANTED** in part and **DENIED** in part.

**SO ORDERED.**

---

5. In this connection, it is proper to address defendants' argument that plaintiff could have sought to remove the state court action, but failed to do so. This contention is without merit. Since no federal jurisdiction appeared from the face of the state court complaint, plaintiff could not have relied on a federal law defense to establish jurisdiction. *See Louisville & Nashville Railroad v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). It would have had to rely on diversity. *See* 28 U.S.C. § 1441(a). But because at least two of the state court co-defendants reside in Puerto Rico there would have been no complete diversity and the federal subject matter jurisdiction would have been lacking. *See Casas Office Machines, Inc. v. Mita Copystar America, Inc.,* 42 F.3d 668, 673 (1st Cir.1994).