**Efrain ORTIZ NAVARRO, Plaintiff,**

v.

**PUERTO RICAN CARS, INC. d/b/a Hertz, et al., Defendants.**

**No. Civ. 99–1854(JP).**

United States District Court,
D. Puerto Rico.

July 11, 2000.

**303**

Jose F. Quetglas, San Juan, PR, for plaintiff.

Margarita Portalatin Aguilar, Toa Alta, PR, Maria C. Taboas, Fiddler, Gonzalez & Rodriguez, San Juan, PR, Francisco

Agrait Oliveras, Hato Rey, PR, Francisco J. Colon Pagan, Colon, Colon & Martinez, San Juan, PR, Miriam Gonzalez Olivencia, San Juan, PR, for defendants.

## OPINION AND ORDER

PIERAS, Senior District Judge.

### I. BACKGROUND

Before the Court is Defendant Puerto Rican Cars, Inc. d/b/a Hertz's Motion to Dismiss or, In the Alternative, to Stay Action (**docket No. 9**); co-Defendant Puerto Rico Guaranty Association's Motion to Join Puerto Rican Cars, Inc.'s Motion to Dismiss of September 28, 1999 (**docket No. 58**); Plaintiff's Opposition (docket No. 78); and Defendant's Reply (docket No. 86). Plaintiff brings this action in diversity for injuries allegedly suffered as a result of a motor vehicle accident.

Nearly fifteen years prior to filing the Complaint with this Court, Plaintiff Efraín Ortiz Navarro ("Ortiz") and Elsa de Jesús Millán filed a complaint in the Carolina Superior Court of Puerto Rico ("state court") against Puerto Rican Cars, Inc. d/b/a Hertz ("Hertz"), the Guaranty of Miscellaneous Insurance Association as received of El Fénix of Puerto Rico ("Guaranty Association"), and Frederick Douglas Holmes ("Holmes") based on the same facts. In addition, Hertz brought a third party suit against Tracor, Inc.,[1] Tracor Applied Sciences, Holmes, and William T. Bauer ("Bauer"). The state action, filed on August 8, 1985, was stayed from October 22, 1986 to March 21, 1995 while Ortiz received treatment under the supervision of the State Insurance Fund and to permit SIF to file a subrogation claim, which it did on December 7, 1994. The state court proceedings continued, then, from March 21, 1995 until October 2, 1997, when the state court again stayed the proceedings because El Fénix of Puerto Rico was in the process of liquidation. After Guaranty

---

1. The parties identify Tracor, Inc. as Tracor Corporation in their respective pleadings and motion to dismiss, but Tracor recently appeared in the federal action and clarified that its proper name is Tracor, Inc.

Association appeared as the receiver of El Fénix, in August 1998 the case was reactivated and has been proceeding ever since. Plaintiff states that the state court again stayed the proceedings on February 4, 2000 for a sixty-day period. On a date not specified by either party, but prior to the filing of the instant Complaint on August 4, 1999, Ortiz relocated to New York from Puerto Rico.

In view of the two concurrent proceedings in federal and state court, Hertz and Guaranty Association filed the motions at bar arguing that pursuant to the Supreme Court decision in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), the Court should dismiss or abstain from exercising jurisdiction over this case. Plaintiff argues that Defendants have failed to demonstrate the existence of exceptional circumstances justifying the stay or dismissal of this action.

## II. COLORADO RIVER DOCTRINE

■ The *Colorado River* doctrine permits a federal court to abstain from exercising jurisdiction over a case where parallel proceedings are underway in a state forum. The principle underlying *Colorado River* doctrine is the avoidance of duplicative litigation when concurrent lawsuits involving the same issues are filed in federal and state courts. *See Colorado River*, 424 U.S. at 817, 96 S.Ct. 1236. This abstention doctrine is driven by considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 14–15, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (quoting *Colorado River*, 424 U.S. at 817, 96 S.Ct. 1236). Federal courts, however, have an obligation to exercise the jurisdiction bestowed upon them by the Constitution and Congress and, therefore, surrendering jurisdiction under the *Colorado River* doctrine is allowed only in "exceptional circumstances." *Villa Marina*

*Yacht Sales, Inc. v. Hatteras Yachts*, 947 F.2d 529, 532 (1st Cir.1991).

■ In *Colorado River*, the U.S. Supreme Court listed four factors that federal courts should weigh in determining whether or not to abstain to prevent duplicative litigation in state and federal courts. The factors are: (i) whether a res is involved in the litigation and another court has already exercised jurisdiction over it; (ii) whether the federal forum is inconvenient; (iii) whether staying or dismissing the suit would avoid piecemeal litigation; and (iv) whether jurisdiction was obtained in the state forum first. *See Colorado River*, 424 U.S. at 818–19, 96 S.Ct. 1236, 47 L.Ed.2d 483. The Supreme Court later added two more factors to the mix, to wit: (v) whether state or federal law controls the action; and (vi) whether the state forum will adequately protect the interests of the parties. *See Moses H. Cone*, 460 U.S. at 25–26, 103 S.Ct. 927. Because dismissals or stays should be ordered only in exceptional circumstances, the district court approaches the weighing of the relevant factors "with the balance heavily weighted in favor of the exercise of jurisdiction." *Id.* at 16, 103 S.Ct. 927. As observed by the First Circuit, the *Colorado River/Moses H. Cone* standard suggests that "there will be rare cases in which 'exceptional circumstances' will exist justifying stay or dismissal because of a concurrent state proceeding." *Gonzalez v. Cruz*, 926 F.2d 1, 3 (1st Cir.1991).

The first three factors are irrelevant to the Court's analysis. The first factor is inapplicable because no res is involved in this Complaint. Further, the federal forum, in San Juan, Puerto Rico, is no less convenient for the parties than the state court, which is located in the nearby city of Carolina. Similarly, Defendants concede that avoiding piecemeal litigation when a case involves the straightforward application of state tort law bears little weight in favor of dismissal. Therefore, the Court shall limit its discussion to the remaining *Colorado River/Moses H. Cone* factors.

Despite conceding that three of the six factors listed are largely irrelevant, Defendants hasten to point out that "the decision whether to dismiss a federal action because of parallel state court litigation does not rest upon a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case." *Moses H. Cone,* 460 U.S. at 16, 103 S.Ct. 927. "The weight to be given to any one factor may vary greatly from case to case, depending upon the particular setting of the case." *Id.* Here, Defendants argue that the order in which jurisdiction was obtained, the fact that the state proceedings are "strongly underway," and Ortiz's recent relocation to New York which creates diversity, militate in favor of dismissal.

■ The order in which jurisdiction was obtained, or the "priority factor," looks not only to which case was filed first, but also "how much progress has been made in the two actions." *Fuller Co. v. Ramon I. Gil, Inc.,* 782 F.2d 306, 310 n. 5 (1st Cir.1986) (quoting *Moses H. Cone,* 460 U.S. at 21, 103 S.Ct. 927). In this case, the Puerto Rico court not only obtained jurisdiction first, but did so nearly fifteen years ago, and fourteen years prior to Plaintiff's filing of the instant action. Only during the past four years, however, has the case progressed with discovery, as the state action has been plagued by persistent delays. Plaintiff emphasizes that discovery has not substantially progressed in the state action, and that no trial date has been set.

The federal action, in contrast, is in the incipient stages. The Initial Scheduling Conference, which establishes a detailed and comprehensive pretrial discovery schedule and a trial date, is scheduled for August 3, 2000. In *Moses H. Cone,* the Supreme Court indicated that the order in which jurisdiction was taken is not a mechanical concept automatically favoring the party who files first, but rather a concept that favors the case that is the more advanced at the time the *Colorado River*

balancing is being done. *See Moses H. Cone,* 460 U.S. at 21, 103 S.Ct. 927. Courts are to measure which action—the suit in the federal court or that in the state court—is the more advanced in a "pragmatic, flexible manner, with a view to the realities of the case at hand." *Id.* Here, the state court proceedings are more advanced than the federal proceedings, but the pragmatic reality is that given the pervasive delay in the state court, it is highly likely that the case will proceed to trial faster in federal court. In view of this reality, the Court finds that the priority factor does weigh in favor of abstention, but that it alone does not present an exceptional scenario.

Plaintiff's motivation in filing a subsequent federal suit is weighed along with the priority factor. *See Gonzalez,* 926 F.2d at 4; *Rodriguez v. Clorox de Puerto Rico,* 59 F.Supp.2d 354, 357 (D.Puerto Rico 1999) (Pieras, J.). Defendants argue that Plaintiff's relocation to New York, thereby creating diversity jurisdiction which did not previously exist, constitutes forum shopping. Plaintiff points out, however, that there is no evidence to suggest that Plaintiff's relocation was for an improper motive, or in reaction to an unfavorable ruling in state court. In the absence of the same, it cannot be said that Plaintiff's motivation weighs in favor of abstention. *See Rodriguez,* 59 F.Supp.2d at 357.

The remaining two factors are whether federal or state law is controlling and whether the state forum would adequately protect the interests of the parties. With respect to the first, the controlling law in this action is Puerto Rico law, not federal law. A Court may stay a case because of the presence of state-law issues only in "rare circumstances." *Moses H. Cone,* 460 U.S. at 26, 103 S.Ct. 927. "Courts generally have agreed that rare circumstances exist only when a case presents complex questions of state law that would best be resolved by a state court." *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts,* 915

F.2d 7, 15 (1st Cir.1990) (citations omitted). As no complex questions of state law exist in this case, this factor does not weigh in favor of abstention.

Moreover, the Court finds that the second of the remaining two factors weighs against staying this action. Plaintiff has waited nearly fifteen years for a legal remedy for a wrong he believes to have suffered. Although Defendants assert that discovery has been underway for the past four years, no trial date has been set in that case. Under these circumstances, the Court cannot say that the state forum can adequately protect the interests of the parties.

## III. CONCLUSION

The Court concludes, after carefully balancing all of the relevant factors, that the "heavy presumption" favoring jurisdiction has not been overridden in this case. This action presents no exceptional circumstances clearly warranting stay or dismissal. Accordingly, Defendants' motion is hereby **DENIED.**

**IT IS SO ORDERED.**