Robert P. SAYRE and Barbara A. Sayre, Plaintiffs,

v.

Ruth A. TOWNSEND, Safeco Insurance Company of America, Estate of Lucille E. Gore, First American Bank and Trust Company, Personal Representative, and State Farm Mutual Automobile Insurance Company, Defendants.

Civ. A. No. 85–C–549.

United States District Court, E.D. Wisconsin.

July 2, 1985.

Berwyn B. Braden, Lake Geneva, Wis., for plaintiffs.

L. William Staudenmaier, Brian C. Tyndall, Milwaukee, Wis., for defendants Estate of Lucille Gore, First American Bank & Trust & Safeco.

Harold A. Dall, Milwaukee, Wis., for defendant Townsend and State Farm.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

The two insurance company defendants in this diversity action have moved for dismissal for lack of diversity of citizenship. The complaint indicates that the plaintiffs and State Farm Automobile Insurance Company (State Farm) are residents of the same state. The plaintiffs concede this fact, but responded with a motion to drop State Farm as a party defendant. The defendants' motion to dismiss will be granted.

■ This case arises out of a 1983 traffic accident involving three vehicles, and State Farm was joined as the liability insurance carrier for defendant Ruth Townsend pursuant to Wisconsin's direct action statute, § 632.24. The plaintiffs contend that a direct action against the insurer is not mandatory and that they should be permitted to proceed without State Farm. This is contrary to the policy behind the direct action statute since the insurer is the real party in interest.

> "The law has too long maintained the fiction that the insured is the real party in interest. Viewed realistically and honestly, the insurance company conducts the defense, employs its own attorneys, decides if and when to settle, and is in full control of the entire litigation.... As a general proposition, the law of this state rejects this legal fiction, recognizing that the insurer is the real party in interest and that the insured is a mere nominal party."

*Kirchen v. Orth*, 390 F.Supp. 313, 318–319 (E.D.Wis.1975).

■ The Court is also informed that two other lawsuits arising out of the same incident name Robert P. Sayre, his employer and his employer's insurer as defendants, and have been consolidated for trial in Dodge County Circuit Court. Under these circumstances, the Court cannot find in equity and good conscience that this action should proceed without State Farm under the factors set forth in Fed.R.Civ.P. 19(b), while parallel actions involving all the necessary parties are proceeding in state court.

■ IT IS THEREFORE ORDERED that this action is dismissed for lack of subject matter jurisdiction.