**Damaris GONZALEZ, et al.,
Plaintiffs, Appellants,**

v.

**Migdalia CRUZ, Defendant, Appellee.**

No. 90–1812.

United States Court of Appeals,
First Circuit.

Heard Dec. 4, 1990.

Decided Feb. 1, 1991.

Motion for Reconsideration Denied
Feb. 26, 1991.

John E. Mudd with whom Ortiz Toro & Ortiz Brunet, was on brief, for plaintiffs, appellants.

Jose L. Delgado Cadilla, for defendant, appellee.

Before BREYER, Chief Judge, CAMPBELL and CYR, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

Plaintiff-appellant Gonzalez appeals from the district court's dismissal of her complaint based on the pendency in the courts of the Commonwealth of Puerto Rico of a lawsuit arising from the identical motor vehicle accident that gave rise to plaintiff's federal-court claim. Although we are not unsympathetic to the district court's interest in avoiding duplicative proceedings, we conclude that the factors cited by the district court are insufficient by themselves to warrant dismissal of the federal action. Nevertheless, under the principles set forth in *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), we believe there might be other factors that would justify dismissal. Alternatively, the insurer may possibly be an indispensable party under Fed.R. Civ.P. 19(b), requiring dismissal of the federal action for lack of complete diversity under 28 U.S.C. § 1332. We therefore vacate the order of dismissal and remand to the district court for consideration of such further matters.

Damaris Gonzalez was injured in an automobile accident in the course of her employment. Migdalia Cruz, the driver of the other car, is a citizen of New York who was visiting relatives in Puerto Rico. Because the accident occurred in the course of Gonzalez's employment, the plaintiff was required to file a claim with the State Insurance Fund (SIF) for worker's compensation.[1] On August 15, 1988, after what was arguably the final disposition of the claim by the SIF,[2] the plaintiff brought an action in the District Court for the District of Puerto Rico against Cruz, the driver of the other car; jurisdiction was based on diversity of citizenship, 28 U.S.C. § 1332. Nine days later, Gonzalez also filed an action in the Superior Court for the Commonwealth of Puerto Rico against Velazco Rental and Leasing of Puerto Rico, the owner of the automobile driven by Cruz, and its insurance carrier.[3]

The district court denied defendant's original motion to dismiss in an Opinion and Order dated May 8, 1989, holding that the action was not barred under Title 11 L.P.R.A. § 32 and that the claims met the jurisdictional amount. Defendant's motion for reconsideration was denied in August, 1989. Defendant subsequently filed a motion under Fed.R.Civ.P. 19(a) to join the SIF as a party, and the SIF filed a motion to intervene. While these motions were pending, defendant filed a second motion to dismiss on July 3, 1990, arguing that the complaint should be dismissed because of the pending state action. Without ruling on the motions relating to the SIF, the district court entered an order July 24, 1990, dismissing the complaint.

The district court explained that it "[had] no doubt that the state courts are fully capable of resolving the entire controversy between the parties and that the public interest in avoiding piecemeal and inefficient litigation is particularly strong where it is evident that the extant state proceedings will adjudicate the entire controversy." Opinion and Order at 2–3. Gonzalez argues that dismissal of her federal district court complaint merely because proceedings were pending in the Puerto Rico court was an illegitimate refusal to exercise federal jurisdiction and should, therefore, be reversed.

---

1. Title 11 L.P.R.A. §§ 1–212.

2. The date of the final determination by the SIF is disputed by the parties.

3. Puerto Rico's direct action statute, 26 L.P.R.A. §§ 2001, 2003, permits an injured party to bring an action directly against the insurer. The statute creates a separate cause of action which is not dependent on prior payment by the insured or final judgment being rendered against her. *See Fraticelli v. St. Paul Fire & Marine Ins.*, 375 F.2d 186, 188 (1st Cir.1967).

## ANALYSIS

### A. Abstention under Colorado River

In *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), the Supreme Court listed various circumstances under which a federal district court might decline to exercise jurisdiction based on the pendency of a state action arising out of the same transaction. The *Colorado River* approach was premised upon "consideration of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)). Stressing that these circumstances were very narrow, the Court set forth four factors: 1. whether property is involved in the litigation; 2. the inconvenience of the federal forum; 3. the desirability of stopping piecemeal litigation; and 4. the order in which jurisdiction was obtained by the courts. 424 U.S. at 813, 96 S.Ct. at 1244. In *Moses H. Cone v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1982), the Court added two more elements: 5. whether federal law or state law controls and 6. whether the state forum will adequately protect the interests of the parties.

In *Colorado River* itself, the Court sustained the district court's stay of its own proceedings pending resolution of the state court proceedings. The Court nevertheless cautioned that "[o]nly the clearest of justifications will warrant dismissal." 424 U.S. at 819, 96 S.Ct. at 1247. After *Moses H. Cone,* in which the Court reversed the district court's grant of a stay, commentators have suggested that "there will be rare cases in which 'exceptional circumstances' will exist justifying stay or dismissal because of a concurrent state proceeding." Wright, Miller and Cooper, *Federal Practice & Procedure* § 4247, 150–54.

This court recently considered the application of *Colorado River* principles in *Villa Marina Yacht Sales v. Hatteras Yachts,* 915 F.2d 7 (1st Cir.1990). In *Villa Marina,* we held that "the pendency of an overlapping state court suit is an insufficient basis in and of itself to warrant dismissal of a federal suit." *Id.* at 12. There we concluded that the factors considered by the district court were insufficient to warrant dismissal, but we noted that other issues weighed in favor of the surrender of federal jurisdiction. Consequently, we vacated the district court's dismissal order and remanded for further consideration. We adopt the same approach here.

■ Although the district court's opinion does not cite *Colorado River,* it addresses several factors deemed relevant by the Supreme Court in *Colorado River* and *Moses H. Cone,* including the order in which jurisdiction was obtained and the fact that the case is governed by state law. These factors, however, do not, by themselves, justify abstention given the strong presumption in favor of the exercise of federal jurisdiction, *Moses H. Cone,* 460 U.S. at 16, 103 S.Ct. at 937. On the other hand, it is possible that a full consideration of *all* of the relevant factors could lead the district court properly to decline jurisdiction. As the present record is inadequate for such a complete evaluation—especially in respect to the relationships between the insurance company, the rental company, and the alleged tortfeasor—we do not attempt the evaluation ourselves. Rather, as in *Villa Marina,* we remand to the district court, which is better suited to the task. We shall discuss, however, the possible effect of some of the relevant factors, in order to guide the district court in its weighing and balancing of these against its obligation to exercise jurisdiction in the absence of extraordinary circumstances. Our analysis is not meant to be exhaustive; the district court may entertain other considerations that it determines to be appropriate.

We point out initially that two factors cited by the Supreme Court in *Colorado River* are of no significance here. Property is not involved in this case—this is not a proceeding in rem. Also, the federal forum is no less convenient than is the state forum—both courts are located in the same city.

■ With respect to the third factor, the order in which jurisdiction was obtained, the district court noted that "the case in the state court was filed around the same time the present case was filed alleging damages against a different defendant but as a result of the same cause of action." Opinion and Order at 1. Other circuits have held that the filing of a second lawsuit by the same plaintiff should weigh against the exercise of federal jurisdiction. *See, e.g., American Int'l Underwriters v. Continental Ins. Co.*, 843 F.2d 1253 (9th Cir.1988); *LaDuke v. Burlington Northern R.R. Co.*, 879 F.2d 1556 (7th Cir.1989); *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285 (7th Cir.1988); *Telesco v. Fuel and Masons*, 765 F.2d 356 (2d Cir.1985). The significance of this factor, however, must be examined in light of the motivation of the plaintiff in filing the second suit. For example, in *American Int'l Underwriters*, the Ninth Circuit upheld the district court's dismissal of the complaint because the second filing permitted the plaintiff to circumvent the policy against plaintiff removal. *See* 843 F.2d at 1261.

In this case the plaintiff's claims in the federal suit are not, facially at least, duplicative of the claims in the commonwealth suit; the defendants are different in each. Moreover, the federal suit here is not "vexatious or reactive." 460 U.S. at 18 n. 20, 103 S.Ct. at 938 n. 20. Plaintiff, indeed, sued in federal court first—thus obviously not in response to an unfavorable ruling in the commonwealth court. Because both suits were filed within a two-week period, the commonwealth action following the federal, the timing of the filings does not seem to argue either in favor of or against the exercise of jurisdiction. The Supreme Court stated in *Moses H. Cone* that the relative progress of the suits is more important than the strict order in which the courts obtained jurisdiction. In this case, insofar as we can tell from the record on appeal, the federal action may be more advanced than the commonwealth one.

■ The fourth factor under *Colorado River*, the desirability of avoiding piecemeal litigation, was mentioned but not suf-ficiently explored by the district court. The district court simply noted the "public interest in avoiding piecemeal or duplicative litigation." Opinion and Order at 2. Concern with piecemeal litigation should focus on the implications and practical effects of litigating suits deriving from the same transaction in two separate fora, not on the mere possibility of duplication. As we noted in *Villa Marina*, "[d]uplication and inefficiency are not enough to support a federal court's decision to bow out of a case over which it has jurisdiction." 915 F.2d at 13. The mere fact that the issue of liability will arise in both suits and that proof may be overlapping is not necessarily significant unless this fact, in a particular context, has potential for unfairness or harm.

In *Liberty Mutual Ins. Co. v. Foremost McKesson, Inc.*, 751 F.2d 475, 477 (1st Cir. 1985), we gave substantial weight to the possibility that the insurance contract might be interpreted differently in the state and federal proceedings, leaving the insured "without sufficient liability insurance coverage from the insurers after years of paying premiums." In this case, the Puerto Rico direct action statute combined with federal diversity jurisdiction creates a situation in which an injured party may proceed against an insured party and the insurer separately, one in state and the other in federal court. The action against the insurer involves proof of negligence of the tortfeasor, as well as proof of the contractual obligation of the insurance company. Because the liability issue will be litigated in both fora, in this case, as in *Liberty Mutual*, the potential may exist for harmful inconsistent determinations. This potential would seem, at first glance, to weigh in favor of adjudication within a single forum. If so, since the insurance company is a nondiverse party, that forum must be the commonwealth court.

■ Gonzalez contends that the case is "a straightforward damages case, with no unsettled questions of state law." Brief for Appellant at 3. This is true with respect to the determination of the liability of the defendant. However, other potentially

more complex issues may be introduced into the federal case should the SIF's motion to intervene be granted by the district court. Rejecting the defendant's initial motion to dismiss, the district court concluded that the statutory period for filing by the SIF had passed and therefore the plaintiff's suit could proceed.[4] Nevertheless, the district court should consider whether, if the SIF is permitted to intervene, its presence in the federal suit may possibly create additional considerations with respect to the desirability of avoiding piecemeal litigation.

■ The two factors added to the *Colorado River* analysis by *Moses H. Cone* include whether state or federal law is controlling and the adequacy of the state forum. The district court found significant the fact that "[t]he right being asserted here is not federal in nature, but only a state-created right to compensation in tort." Opinion and Order at 1. However, as we noted in *Villa Marina*, that both suits involve only state law issues "does not necessarily counsel in favor of dismissal." 915 F.2d at 15. While the presence of a federal law issue "must always be a major consideration weighing against surrender [of jurisdiction]," *Moses H. Cone*, 460 U.S. at 26, 103 S.Ct. at 942, the converse is not necessarily true. The mere fact that the outcome of the case is governed by state law does not warrant dismis-

sal—to hold otherwise would undermine the purpose and reach of federal diversity jurisdiction.[5]

B. *Indispensable Parties under Fed.R. Civ.P. 19(b)*

■ The absence of important parties and the resulting piecemeal adjudication of this controversy represent the most important factor weighing against the exercise of federal jurisdiction under the doctrine of *Colorado River*. Apart from *Colorado River*, these same considerations also implicate Fed.R.Civ.P. 19. Although the defendant has not moved to join the rental company and its insurer under Rule 19, the district court may nevertheless consider whether the insurance company is an indispensable party under Rule 19(b).[6] If the insurance company is deemed indispensable, the district court will no longer have jurisdiction over the action as the parties will lack complete diversity.[7]

The factors that must be considered in determining whether a non-diverse party is indispensable are set forth in Fed.R.Civ.P. 19(b). Rule 19(b) provides in pertinent part,

If a person ... cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent

---

**4.** Title 11 L.P.R.A. Section 32 of the Puerto Rico Workmen's Compensation Act provides that, when an injured individual is entitled to file an action against a third party in cases where the Fund is obliged to compensate, the manager of the Fund has the right to institute an action on behalf of the employee within ninety days of the final administrative decision in the case. The injured party may not institute such an action before the end of the ninety day period, but, if the Manager chooses not to file within that period, the worker may file after ninety days.

**5.** Having said this, it should be noted, on the other side of the coin, that the posture of the parties in this case seems inconsistent with one of the important original goals of diversity jurisdiction, to protect an out-of-state party against potential bias in a state forum. Here, the Puerto Rico resident, plaintiff Gonzalez, filed her claim in federal court while the New York resident, defendant Cruz, wishes to litigate the entire case in commonwealth court. In applying

the *Colorado River* doctrine, the Ninth Circuit has found it significant that "[t]he ordinary justification for having jurisdiction over diverse citizens is not present...." *Microsoftware Computer Systems v. Ontel Corp.*, 686 F.2d 531 (7th Cir.1982).

**6.** Fed.R.Civ.P. 21 provides,

Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.

*See also Moore's Federal Practice* ¶ 19.05 (suggesting that "both the trial court and the appellate court have the power and the duty to act sua sponte to protect the rights of the absent person, whether by ordering that he be added or, if this is not feasible, by dismissing the action").

**7.** It appears from the record on appeal that the insurance company is a citizen of Puerto Rico for the purposes of jurisdiction.

person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Applying the criteria contained in Rule 19(b) to the case at bar, the district court may well determine that dismissal of the plaintiff's action is proper, the non-diverse insurer being an indispensable party.

Whether an insurer meets the criteria articulated in 19(b) must be determined according to the circumstances in each case. *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118, 88 S.Ct. 733, 742, 19 L.Ed.2d 936 (1968). In most cases where state law permits a direct action against an insurance company, the question under Rule 19 has been whether or not the insured must be joined. In that context, the Supreme Court has held that joinder of the insured is unnecessary because the insurer is the real party in interest. This acknowledgement that the insurer is the real party in interest suggests that, in a suit against the insured, the insurer would be an indispensable party. In a Wisconsin case involving a direct action statute similar to Puerto Rico's, the district court held that the plaintiff's attempt to preserve federal jurisdiction by proceeding against the insured without joining the insurer was "contrary to the policy behind the direct action statute since the insurer is the real party in interest." *Sayre v. Townsend*, 106 F.R.D. 544, 545 (E.D.Wisc.1985). The court concluded that it "[could not] find in equity and good conscience that this action should proceed without [the insurer] under the factors set forth in Fed.R.Civ.P. 19(b), while parallel actions involving all the necessary parties are proceeding in state court." *Id.*

In this case, the first factor under Rule 19(b) seems to weigh in favor of dismissal. Although the insurer would not be bound by the judgment in federal court, an adverse ruling could, as a practical matter, impair its probability of success in a future proceeding and reduce its ability to reach a favorable settlement. *See Provident Tradesmens*, 390 U.S. at 110, 88 S.Ct. at 738; *Acton Co. Inc. of Mass. v. Bachman Foods, Inc.*, 668 F.2d 76, 81 (1st Cir.1982). In addition, the two courts could reach different conclusions concerning the negligence of Cruz and therefore the liability of the insurer. The record on appeal does not permit us to determine with any certainty the nature or scope of conflicts that may arise from the piecemeal adjudication of this controversy. Thus, it will be up to the district court to evaluate the severity of this potential prejudice to the parties and to consider, as the second factor in Rule 19 suggests, whether relief might be shaped so as to lessen this prejudice.

The third factor under Rule 19, the adequacy of the judgment rendered in the party's absence, implicates "the interest of the courts and the public in complete, consistent, and efficient settlement of controversies." *Provident Tradesmens*, 390 U.S. at 111, 88 S.Ct. at 739. In this case, any judgment against Cruz would not bind nonparties—the state proceeding involving Gonzalez, the insurer, and the rental agency would proceed unaffected by the judgment. Meanwhile, Cruz could be forced to file a suit against the insurer to enforce the contract. Thus, to the extent that questions of liability will remain unresolved and therefore open to continuing litigation, a judgment in the absence of the insurer seems less than adequate.

Finally, with respect to the fourth factor, the parallel proceeding in the commonwealth court provides a forum in which all interested parties may be joined and the controversy resolved in its entirety. We have no reason to doubt the adequacy of the remedy available in the commonwealth court. Moreover, the plaintiff herself notes in her brief that the commonwealth proceeding was stayed until June 1990 and

has not progressed substantially at this point. Therefore, she will likely suffer little prejudice if she is forced to join the defendant Cruz in that proceeding.

## CONCLUSION

Because we believe that the reasons cited by the district court cannot, by themselves, be said to justify dismissal, we vacate the order below and remand the case. On remand, the district court should consider the full range of factors relevant under *Colorado River* as well as the potential joinder of the insurance company. To avoid any possible question, we might add that the case may go back to the original judge, and that the district court is free to hold such additional proceedings or allow such additional discovery as it deems necessary in order to ascertain all the relevant facts.

*Vacated and remanded. The parties shall each bear their own costs.*