Sepulveda, Edgar v. USA                    CV-95-184-SD  01/07/97


                UNITED STATES DISTRICT COURT FOR THE

                     DISTRICT OF NEW HAMPSHIRE


Edgar Sepulveda


_____v.                              Civil No. 95-184-SD


United States of America


                          O R D E R


     Convicted of participation in a drug conspiracy, Edgar

Sepulveda, also known as "Ergie", moves for relief from his

sentence pursuant to 28 U.S.C. § 2255.[1]  For reasons that follow,

his motion will be denied.


_____

     [1]28 U.S.C. § 2255 provides in pertinent part:

          A prisoner in custody under sentence of a
          court established by Act of Congress claiming
          the right to be released upon the ground that
          the sentence was imposed in violation of the
          Constitution or laws of the United States, or
          that the court was without jurisdiction to
          impose such sentence, or that the sentence
          was in excess of the maximum authorized by
          law, or is otherwise subject to collateral
          attack, may move the court which imposed the
          sentence to vacate, set aside or correct the
          sentence.

## 1.  Background

Movant is the brother of David Sepulveda.[2]  His conviction followed a lengthy jury trial.  In the course of that trial, a number of witnesses testified as to movant's role in the charged conspiracy.

The probation officer, having reviewed the pertinent trial testimony, prepared a presentence investigation (PSI), in which he calculated Sepulveda's offense level at 39 and ascertained his criminal history category as II.  These calculations produced a guidelines sentencing range of 292 to 365 months.

At sentencing, however, the court reduced the offense level to 37, resulting in a sentence range of 235 to 293 months.  The court further departed downward, with the result that the incarcerative sentence imposed was 180 months.[3]  In light of the actual sentence imposed, most, if not all, of movant's arguments are academic.

---

[2]David Sepulveda was convicted in the same trial as movant of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848.  The combined appeals of the Sepulveda siblings were rejected in United States v. Sepulveda, 15 F.3d 1161 (1st Cir. 1993), cert. denied, ___ U.S. ___, 114 S. Ct. 2714 (1994).

[3]See Transcript of sentencing proceeding of January 15, 1992.  Document 551.

2. Discussion

Initially, Sepulveda contends he was deprived of due process because his sentence was grounded on information that was false or materially incorrect. He further contends that this information relied on in the PSI was improperly applied in the calculation of his sentence.

It is true that, as movant asserts, a defendant is guaranteed the due process right to be sentenced upon information which is not false or materially incorrect. United States v. Tavano, 12 F.3d 301, 305 (1st Cir. 1993); United States v. Curran, 926 F.2d 59, 61 (1st Cir. 1991). It is not true that, as Sepulveda contends, the trial record does not support the statements in the PSI concerning his role in the conspiracy.[4]

Moreover, as the sentencing judge "lawfully may make implicit findings with regard to sentencing matters, incorporating by reference suitably detailed suggestions limned in the PSI Report or advanced by a party . . . in drug cases as in other

_____

[4]The court has reviewed the voluminous transcripts of the trial of this case. By way of example only, the witness Randall Vetrone testified to a partnership between the brothers Sepulveda, Trial Transcript May 9, 1991, at 31 (document 509); the keeping of a safe in movant's apartment, id. at 36, 37, 97; his cutting of cocaine, id. at 46, 47; his selling of cocaine, id. at 86, 87; and his collection of drug debts, id. at 185, 186. Additionally, the witness Norberto Perez specified the quantities of drugs picked up on trips to Lawrence, Massachusetts, wherein he accompanied Edgar Sepulveda and his brother. Trial Transcript April 23, 1991, at 10, 12, 13, 43, 49, 51 (document 119); Trial Transcript April 25, 1991, at 82, 91 (document 137).

cases," United States v. Tavano, supra, 12 F.3d at 307, the statements made by the court on the record at the time of sentencing more than sufficed to fulfill this requirement.

Turning to Sepulveda's claims of ineffective assistance and prosecutorial misconduct, these contentions are equally without merit. To prove ineffective assistance, it must be shown (1) that counsel fell short of the applicable performance standard and (2) that prejudice resulted. Strickland v. Washington, 466 U.S. 668, 687 (1984); Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996). The test of performance is grounded on what counsel knew, or should have known, at the time her tactical choices were made and implemented. Id. Proof of prejudice requires a showing not only that counsel was deficient but also that her errors "were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.

In the instant case, counsel challenged in detail the calculation of drug amounts attributed to movant by the PSI and set forth specific objections to such calculations. The court, although it rejected these arguments, commented on the record at sentencing that they had "been well-advanced and counsel is commended for the diligence and work with which she has presented them." Document 551, at 23. It follows that there was no ineffective assistance of counsel.

4

With respect to the claim of prosecutorial misconduct, here grounded on movant's claim that government counsel should have objected to what movant perceived as false information in the PSI, that argument must also be rejected, as the court has found the PSI to be the result of ample evidence contained in the trial record.

Finally, even if, as Sepulveda contends, his disorderly conduct conviction should not have been counted per USSG 4A1.2(c), a reduction of his criminal history category to level I would have no effect on his sentence. At offense level 37, category I, the sentencing guidelines range is 210 to 262 months.[5] As "it is unnecessary to address a dispute over drug quantity if, and to the extent that, adjudicating it will not alter the applicable offense level, influence the guideline sentencing range, or bring a different mandatory minimum sentence into play," United States v. Tavano, supra, 12 F.3d at 307, application of such principle to the claim here made would have no effect in this case on movant's sentence.

In sum, review of the evidence in this case amply supports the statement of the court of appeals that

> [t]he evidence tying Edgar Sepulveda to the
> single conspiracy is more than ample. Two wit-

---

[5]At offense level 35, category I, the range is 168 to 210 months, a range in which the actual sentence of 180 months easily fits.

nesses testified that Edgar, himself, sold them cocaine. Four witnesses testified that Edgar routinely accompanied his brother, David, on drug-buying sprees. One of these witnesses, Norberto Perez, testified to taking an average of one such trip a week with the Sepulveda siblings over a protracted period of time. Another witness, John Rice, testified that he saw the Sepulvedas packaging cocaine at Driesse's home.

United States v. Sepulveda, supra, 15 F.3d at 1191.


3.  Conclusion

As the motion and the files and records of the case conclusively show that the movant is not entitled to the relief sought, his motion is herewith denied. The clerk is directed to close this case.

SO ORDERED.


_____
Shane Devine, Senior Judge
United States District Court

January 7, 1997

cc:   Edgar Sepulveda, pro se
      United States Attorney
      United States Marshal
      United States Probation
      Julia M. Nye, Esq. (for information)

6