[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

No. 99-2163

VICTOR DAVILA,

Plaintiff, Appellant,

v.

MICHAEL T. MALONEY, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, U.S. District Judge]

Before

Torruella, Chief Judge,
Boudin and Lipez, Circuit Judges.

Victor Davila on Memorandum pro se.
Nancy Ankers White, Special Assistant Attorney General, and
Joel J. Berner, Counsel, Department of Correction, on Memorandum
of Law for appellees.

December 27, 2000

**Per Curiam**. Appellant Victor Davila presently is incarcerated at M.C.I. Cedar Junction in Massachusetts. He filed the instant civil rights action against various prison officials. The district court granted the defendants' motion to dismiss the case and appellant now appeals.

As its first reason for dismissal, the court held that there currently was pending a class-action suit in the Massachusetts Suffolk Superior Court which concerned substantially the same issues appellant was raising in the federal action and in which appellant was a class member. Although the district court did not cite to any authority in relying on the pending state case as a reason not to consider appellant's claims, the Supreme Court's decision in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), covers this situation.

> In Colorado River . . . the Supreme Court listed various circumstances under which a federal district court might decline to exercise jurisdiction based on the pendency of a state action arising out of the same transaction. The Colorado River approach was premised upon "consideration of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'"

<u>Gonzalez</u> v. <u>Cruz</u>, 926 F.2d 1, 3 (1st Cir. 1991) (citation omitted).

Based on the particular circumstances of this case, we think that the deferral of federal jurisdiction under <u>Colorado River</u> is warranted. The federal case is duplicative of the state case, appellant essentially having conceded that he is a member of the plaintiff class of prisoners in the state suit and that the suit concerns substantially the same issues as in the federal action. <u>See</u> <u>Congress Credit Corp.</u> v. <u>AJC Int'l, Inc.</u>, 42 F.3d 686, 689-90 (1st Cir. 1994). The state court was the first to obtain jurisdiction and the litigation there has progressed much further. <u>See</u> <u>Cruz</u> v. <u>Melecio</u>, 204 F.3d 14, 24 (1st Cir. 2000). Finally, there is no question that the state court is adequate to protect appellant's rights. Indeed, appellant basically was asking for a deferral of federal court jurisdiction, as per <u>Colorado River</u>, when he requested a stay due to the pendency of the state court suit.

In closing, we note that, in referring to the pending state case and opining that the issues in that case were the same as the issues in the federal case, the district court specifically declined to offer any views concerning the merits of these issues. Because we agree

-3-

with the district court's conclusion regarding the nature of the state case and because we find <u>Colorado River</u> applicable, we emphasize that we, too, express no view on the merits of appellant's claims or on the second part of the district court's decision. In this second part, the district court, in paragraphs labeled A through D, concluded that if appellant were attempting to raise any claims separate from the ones involved in the state litigation, he had failed to state a claim. Appellant has not adequately identified any separate claims, so we need not pass on paragraphs A through D.

Based on the foregoing, the order dismissing appellant's action is <u>vacated</u> and the case is <u>remanded</u> for reinstatement and for issuance of a stay of the proceedings pending the disposition of the prisoner-plaintiffs' case against the defendants in the state court. The district court is, of course, free to vacate the stay, or to issue other orders in the event the circumstances change.

<u>So Ordered</u>.

-4-