# United States Court of Appeals

## For the First Circuit

No. 09-2316

PUERTO RICO TELEPHONE COMPANY, ET AL.,

Plaintiff-Appellees,

v.

SISTEMA DE RETIRO DE LOS EMPLEADOS
DEL GOBIERNO Y LA JUDICATURA, ET AL.,

Defendants,

MARIA M. RIVERA, ET AL.,

Intervenor-Appellants.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, Jr., U.S. District Judge]

---

Before

Torruella, Leval* and Thompson, Circuit Judges.

---

Guillermo Ramos Luiña, for appellants.
María Isabel Rey with whom Pedro A. Busó García and Fiddler
González & Rodríguez, PSC were on brief, for appellees.

---

February 24, 2011

---

* Of the Second Circuit, sitting by designation.

**LEVAL**, **Circuit Judge**. This is an appeal by putative intervenors – twenty current and former employees of The Puerto Rico Telephone Company ("PRTC") – from an order of the United States District Court for the District of Puerto Rico denying their motion to intervene in a suit brought by PRTC and its affiliates ("Plaintiffs") against Sistema de Retiro de los Empleados del Gobierno y la Judicatura (the "Commonwealth Retirement System" or "Sistema de Retiro") and its administrator (collectively, "Defendants"). The intervenor-appellants (hereinafter, "Intervenors" or "Appellants") sought to set aside a judgment declaring that Puerto Rico Act No. 234 of August 9, 2008 ("Act 234"), P.R. Laws Ann. tit. 3 § 764, is ineffective because it is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002 et seq. Act 234 provides essentially that certain PRTC employees, including Appellants, may withdraw from coverage by PRTC's private retirement plans and instead enroll in the Sistema de Retiro government-administered plan.

PRTC brought the action against Sistema de Retiro seeking a declaratory judgment that Act 234 is preempted by ERISA and therefore void. Early in the litigation – indeed, at the first scheduling conference – Defendants informed the district court that they would consent to a judgment that Act 234 was a nullity because it was preempted by ERISA. Shortly thereafter, and with the written consent of Defendants, the district court issued an opinion

- 2 -

proclaiming that conclusion and entered a declaratory judgment to that effect. See Puerto Rico Tel. Co. v. Sistema de Retiro, No. 09-1085, 2009 WL 2366706 (D.P.R. July 29, 2009). Appellants moved to intervene, but their motion was denied without explanation. This appeal contests that ruling. Appellants also brought a separate action against PRTC seeking to enforce their rights under Act 234, which suit is being held in abeyance in the district court pending the decision of this appeal.

Plaintiffs defend the district court's denial of intervention principally on the ground that the motion to intervene was untimely. As discussed below, we believe there are reasonable arguments to be made on both sides of the timeliness question, as well as strong reasons that favored granting to Appellants, either in the context of the present action or in their separate suit, a full opportunity to advocate their contention that Act 234 is not preempted and should therefore be given effect. For these reasons, and, in part, because the district court gave us no clue on what basis it denied the motion to intervene, we believe that a remand is warranted for further consideration and explanation of the ruling.

Our resolution in this appeal expresses no view on the merits of the question whether Act 234 is preempted by ERISA. Appellants, because they were not made parties to this action and were denied the opportunity to be heard in opposition, are not precluded from

challenging the district court's preemption ruling. Nor should the court's preemption ruling serve as a precedent of any value against their claim, given that it was not the product of contested litigation but rather was arrived at by consent of the parties, none of which was adversely affected by the ruling. Thus, whether as intervenors in this action or in their separate suit against PRTC, Appellants are entitled to a meaningful opportunity to litigate the merits of the ERISA preemption question.

## BACKGROUND

For purposes of this appeal, we assume the facts as stated in the district court's opinion and in the parties' memoranda on appeal.

## I. PRTC Pension Plans and Act 234

From 1974 until 1999, PRTC was a public corporation owned by the Telephone Authority of the Commonwealth of Puerto Rico (the "Telephone Authority"). On May 5, 1994, another entity, the Puerto Rico Communications Corporation ("PRCC") merged with the Telephone Authority. As a consequence of the merger, employees of PRCC became employees of PRTC.

Prior to the 1994 merger, employees of PRCC participated in the Sistema de Retiro retirement plan, a government-run pension plan that is exempt from the provisions of ERISA. According to Appellants, prior to the merger's closing, the PRCC employees were consulted as to whether they wished to continue participating in

Sistema de Retiro or if they would rather participate in the PRTC Retirement Plans. According to Appellants, they chose to stay with Sistema de Retiro. In the years following the merger, these employees (i.e., the former PRCC employees) made salary contributions to the Sistema de Retiro plan, and PRTC made contributions to Sistema de Retiro on their behalf.

In 1999, the Commonwealth sold a controlling interest in PRTC to the GTE Corporation. At the time of the sale, 512 active PRTC employees had accrued benefits under Sistema de Retiro. As part of the stock purchase agreement with GTE, the Commonwealth and GTE agreed that those 512 employees would participate in certain replacement plans sponsored by PRTC. According to Appellants, they were not given the option on this occasion of continuing with Sistema de Retiro.

Approximately nine years later, on August 9, 2008, Puerto Rico Act No. 234 was enacted into law. The Act grants to PRTC active and retired employees who were participants in Sistema de Retiro at the time of the sale to GTE in 1999 (the "Eligible Employees"), including Appellants, the right essentially to switch back to the Sistema de Retiro plan. Under the Act, the Eligible Employees would have the right to count any years of service worked at PRTC after the sale as years of service under Sistema de Retiro for purposes of accruing pension benefits; employees who had already retired would have the right to obtain a new calculation of

- 5 -

benefits.

To take advantage of Act 234's provisions, Eligible Employees are required to: (1) return to Sistema de Retiro all the contributions that were distributed to them after they ceased to participate in the system; (2) pay the accumulated interest on the amount of contributions previously distributed; (3) pay the total principal amount of employee pension contributions due Sistema de Retiro for each year of service worked after the sale with any government branch, including PRTC; and (4) pay the accumulated interest on the principal amount of such contributions for each year of service. Act 234 also sets up a payment plan for employees to pay any principal and interest owed. However, in order to participate in the payment plan, Act 234 states that the employee must pay what he or she owes of the principal and interest "after the PRTC Retirement Plan returns to [Sistema de Retiro] any contributions held for each participant." P.R. Laws Ann. tit. 3 § 764.[1]

On September 24, 2008, an official at Sistema de Retiro sent a letter to PRTC requesting a list of all Eligible Employees and

---

[1] According to Plaintiffs, the PRTC Retirement Plans are non-contributory plans; employees do not make contributions, and the only entity that makes contributions is PRTC. According to Plaintiffs, these contributions were not made "on behalf of particular employees," but were instead based "on an actuarial analysis of how much money is necessary to keep the Retirement Plans funded and in a condition to pay the accrued pension benefits."

their salaries. On October 24, 2008, Sistema de Retiro's administrator sent a letter to the President of PRTC, furnishing information as to the Act's provisions. The letter advised that once Eligible Employees resume their participation in Sistema de Retiro, PRTC will be required to (1) deduct from their salaries the amount each employee will be contributing to Sistema de Retiro, and (2) pay an additional amount equal to 9.275% of each of said employee's salaries as the employer component of the contribution.

Prior to filing the instant case, several of the Eligible Employees requested that PRTC transfer the pension contributions each had accumulated in the PRTC Retirement Plans to Sistema de Retiro. Some of these employees, including Appellants, allegedly threatened to take legal action if PRTC refused to make the transfers.

## II. District Court Proceedings

PRTC and certain of its affiliates brought this suit on January 27, 2009 for declaratory relief, inter alia, that Act 234 is preempted by ERISA, both as enacted and as applied. The complaint named as defendants Sistema de Retiro and its administrator. On April 13, 2009, Defendants – neither of whom have appeared in this appeal – filed their answer. The next day, the court set a date for an initial scheduling conference.

The initial scheduling conference was held on June 2, 2009. We are advised by PRTC that during this conference Sistema de

- 7 -

Retiro informed the Court that it agreed with PRTC that ERISA preempted Act 234 and that they would consent to a judgment to that effect. The court suggested continuing the conference on July 29, 2009 to finalize a judgment.[2] On July 29, 2009, the parties and the court discussed a draft opinion and agreed to unspecified modifications, following which the court issued the opinion and entered judgment.

On July 28, 2009, the day before the scheduled conference, Appellants instituted a new action by filing a class action complaint against PRTC, on behalf of themselves and other similarly situated PRTC employees, seeking a ruling that Act 234 is not preempted by ERISA, and injunctive relief requiring that PRTC comply with Act 234's provisions. Rivera v. Puerto Rico Tel. Co., No. 09-1723 (JP) (D.P.R.). Two weeks later, on August 12, 2009, Appellants moved to intervene in the suit in which this appeal is taken, to set aside the judgment, and to consolidate the two actions. The same day, the district court denied intervention and consolidation giving no reason for its ruling. And on August 13, 2009, the court denied the motion to set aside the judgment in the same summary fashion. On August 26, 2009, Appellants timely filed a notice of appeal.

On September 29, 2009, in Appellants' separate action, Dkt.

---

[2] If a transcript of the conference exists, it has not been provided to us.

No. 09-1723, the district court granted PRTC's motion to stay the proceedings until this Court's decision in the present appeal with the observation that the issue raised in the suit "could become moot upon resolution of [this] appeal by the First Circuit." Rivera v. Puerto Rico Tel. Co., No. 09-1723 (JP), 2009 WL 3160839, at *1 (D.P.R. Sept. 29, 2009).

**DISCUSSION**

The Intervenors ask that we overturn the district court's denial of their motion to intervene. To succeed on a motion to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a),[3] the movant must establish "(i) the timeliness of its motion to intervene; (ii) the existence of an interest relating to the property or transaction that forms the basis of the pending action; (iii) a realistic threat that the disposition of the action will impede its ability to protect that interest; and (iv) the lack of

---

[3] Federal Rule of Civil Procedure 24(a) provides in relevant part:

On timely motion, the court must permit anyone to intervene who:

. . .

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

adequate representation of its position by any existing party." R&G Mortgage Corp. v. Federal Loan Mortgage Corp., 584 F.3d 1, 7 (1st Cir. 2010); see also Fed. R. Civ. P. 24(a).

"We review the grant or denial of a motion to intervene for abuse of discretion." R&G Mortgage Corp., 584 F.3d at 7. Even where a decision is committed to the discretion of the district court, a federal appeals court is not limited in its review to either affirm the decision if it falls within the lawful exercise of the district court's discretion or reverse if not. An appeals court may remand for reconsideration of a ruling that does not constitute an abuse of discretion on finding that the district court may with further analysis reach a fairer or more efficient result. Although we find no abuse of discretion, we remand for such reconsideration.

PRTC defends the district court's denial of intervention principally by arguing that the petition to intervene was untimely, and that a district court's disallowance of intervention based on a finding of untimeliness is entitled to considerable deference on appellate review.

There are, however, several problems with this argument. The district court conducted no hearings with respect to the petition and gave no explanation for its denial. We are not told whether the court denied the petition for untimeliness or for some other reason. Furthermore, a conclusion that a petition to intervene is

untimely involves consideration of a number of factors – in particular the prejudice that would be suffered by the original parties from allowance of the intervention, and the prejudice to the petitioner from its denial.[4] The court gave no explanation of any prejudice PRTC and Sistema de Retiro might have suffered from allowance of the intervention. According to our perception of the record, they would have suffered no meaningful prejudice had the district court allowed intervention, and the prejudice to the Intervenors from denial could be substantial. We have no indication what was the reasoning that underlay the district court's denial.

In stressing the importance of timely filing of a petition to intervene, courts have repeatedly emphasized that the concept of timeliness of a petition is not measured, like a statute of limitations, in terms of specific units of time, but rather derives meaning from assessment of prejudice in the context of the particular litigation. Fiandaca v. Cunningham, 827 F.2d 825, 834 (1st Cir. 1987) (explaining that "[t]he timeliness requirement was not designed to penalize prospective intervenors for failing to act

---

[4] We have identified four factors that inform the timeliness inquiry: "(i) the length of time that the putative intervenor knew or reasonably should have known that his interests were at risk before he moved to intervene; (ii) the prejudice to existing parties should intervention be allowed; (iii) the prejudice to the putative intervenor should intervention be denied; and (iv) any special circumstances militating for or against intervention." R&G Mortgage Corp., 584 F.3d at 7; see Culbreath v. Dukakis, 630 F.2d 15, 20-24 (1st Cir. 1980).

promptly[, but] rather [to] insure[] that existing parties to the litigation are not prejudiced by the failure of would-be intervenors to act in a timely fashion" (quoting Garrity v. Gallen, 697 F.2d 452, 455 (1st Cir. 1983))); see Banco Popular de Puerto Rico v. Greenblatt, 964 F.2d 1227, 1232 (1st Cir. 1992) ("[T]he purpose of the basic requirement that the application to intervene be timely is to prevent last minute disruption of painstaking work by the parties and the court." (quoting Culbeath v. Dukakis, 630 F.2d 15, 22 (1st Cir. 1980))); Caterino v. Barry, 922 F.2d 37, 41 (1st Cir. 1990) (noting that "avoiding such prejudice [to existing parties]" has been described as the basic purpose of the timeliness requirement, and that in that case permitting intervention "inevitably would delay the start of the trial – unquestionably a detriment to the plaintiffs"); see also R&G Mortage Corp., 584 F.3d at 8 ("The passage of time is measured in relative, not absolute terms. . . . [W]hat may constitute reasonably prompt action in one situation, may be unreasonably dilatory in another."). Thus, unjustified delay for a relatively short period of time can support denial of intervention where the prejudice to the other litigants would be significant. See NAACP v. New York, 413 U.S. 345, 367-68 (1973) (motion to intervene brought three weeks after intervenors claim they learned of the suit, and only days after they learned of defendants' consent to entry of judgment, found untimely, because by that point the suit "had reached a critical stage" and the

- 12 -

granting of intervention "possessed the potential for seriously disrupting the [Plaintiff] State's electoral process"). Similarly, much longer delays might not render the petition untimely where under the circumstances no prejudice would be suffered by the other litigants from allowance and the prejudice to the petitioner from denial would be serious. See Geiger v. Foley Hoag LLP Ret. Plan, 521 F.3d 60, 65 (1st Cir. 2008) (motion to intervene brought nine-months after suit's filing adjudged timely where the case had not "progressed beyond the initial stages," and the "balance of prejudices . . . weigh[ed] heavily in favor of [putative intervenor]"); Zurich Capital Markets, Inc. v. Coglianese, 236 F.R.D. 379, 384-85 (N.D. Ill. 2006) (motion to intervene filed over two years after putative intervenor was on notice that its interests might be impaired by suit found timely where plaintiff could point to no prejudice from the delay).

Addressing first the duration of arguably unjustified delay, Intervenors assert, and we have no reason to doubt, that prior to Sistema de Retiro's filing at the end of May 2009 of its memorandum in preparation for the first scheduling conference with the district court, they had no reason to suspect that Sistema de Retiro would not aggressively advocate the validity of Act 234. They further assert that their counsel (who continues to represent them on appeal) was unable to begin work on the matter until the first week of July, as the result of involvement in other

litigation in this Court in Boston, followed by two weeks of illness. The motion to intervene was thus filed ten weeks after the Intervenors were on theoretical notice that Sistema de Retiro would not adequately defend their interests in the suit, and only six weeks after Intervenors' counsel became aware of the fact.

When the court entered judgment and shortly thereafter denied Appellants' motion to intervene, there had been no adverse litigation between Plaintiffs and Defendants. The litigation was in its infancy. No depositions had been taken. No motions had been made. The court's initial scheduling conference had barely been concluded. At that conference on June 2, 2009, the defendants advised the court that they would agree to the declaratory judgment the plaintiffs were seeking. The court therefore adjourned the conference to July 29 for preparation of a judgment reflecting the agreement of the parties, at which time the parties discussed with the court the proposed text and agreed on wording, whereupon the court proceeded to enter the judgment. Granting the Appellants' motion to intervene would not have required the parties to redo depositions already conducted; nor would it have caused the waste or repetition of any previously conducted proceedings. The court might simply have set a proximate date for the Intervenors to submit a brief in support of the viability of Act 234, allowed a short time for response, and then decided whether, in the face of opposing arguments  supporting the viability of Act 234, the court

nonetheless adhered to its conclusion, in which case it could simply have reentered the judgment.

Not only would grant of intervention not have subjected the parties to inefficiency, repetition, or waste, but, quite to the contrary, it appears that the resolution of the validity of Act 234 would have been simpler, speedier, and more efficient for all had intervention been permitted. That is because the court's denial of intervention and its entry of an uncontested judgment does not end the matter. Prior to moving to intervene, Appellants had filed a separate action against PRTC seeking essentially the same relief as they sought to achieve through intervention – validation of Act 234 as against PRTC's claim that it is preempted. Very likely Sistema de Retiro will be joined as a party. That suit remains pending and Appellants are entitled to an adjudication of the issue whether Act 234 is preempted.

On September 28, 2009, the court stayed Appellants' suit pending resolution of this appeal in the apparent belief that our rejection of Appellants' contentions in this appeal would moot their separate action. That is not necessarily correct. The Intervenors, who bring this appeal, were not parties to the prior action. While they clearly have standing to appeal from the court's denial of their motion to intervene in it, it is not at all clear that they have standing to appeal from the judgment in a litigation in which they were not involved. Indeed, PRTC argues to

- 15 -

us that "Appellants do not have Article III standing to contest the judgment" that resolved the suit between PRTC and Sistema de Retiro.

Although the parties have not raised the question of the effect of this judgment on future litigation between them as to the validity of Act 234, we note that Appellants are not precluded by the judgment by reason of their own or Sistema de Retiro's participation in the action. See Gonzalez v. Cruz, 926 F.2d 1, 6 (1st Cir. 1991). Appellants were neither participants in the suit, although they sought to be, nor in Sistema de Retiro, although their objective was to become such through operation of Act 234. In its participation in the suit, Sistema de Retiro was not representing their interests. Indeed, Sistema de Retiro expressly advocated against their interests by agreeing with PRTC's contention that Act 234 was preempted.

Nor does the district court's judgment in this action represent a meaningful precedent against the viability of Act 234. Law is not made by the agreement of nominally adverse parties, whose interests are in fact aligned. See Langton v. Hogan, 71 F.3d 930, 935 (1st Cir. 1995). This judgment was not the result of the court's resolution of a dispute waged before it. No adverse contentions with respect to the preemption question were presented to the court. The judgment was entered on the consent of Plaintiffs and Defendants. A judgment thus reached through the

concurrence of parties with aligned interests, while it binds the parties who participated, does not establish law that determines the interests of strangers to the litigation.[5]  Id.

The Appellants, in other words, are entitled to one opportunity to litigate their contention that under Act 234 they may transfer their retirements to the Sistema de Retiro.  They could realize that opportunity as Intervenors in PRTC's suit against Sistema de Retiro, opposing PRTC'S demand for a declaration that Act 234 is preempted.  Alternatively, they could realize that opportunity in the litigation of their own separate action.  But they may not suffer an adverse judgment on the ground that the issue they raise has already been decided by a court.  It appears that granting to the Appellants their right to litigate the preemption question could have been accomplished at least as efficiently for all involved, and probably more so, by allowing

---

[5] The district court's order staying Appellants' separate action pending the resolution of this appeal appears to reflect a misunderstanding of how this case came to judgment.  The court stated as justification for the stay, that PRTC "already completely litigated the issue of whether ERISA preempts Law 234 and succeeded," 2009 WL 3160839, at *1 (emphasis added), and added that "[Sistema de Retiro] appealed the judgment." Id.  Based in part on those perceptions, the court concluded that the "issue [whether ERISA preempts Act 234] could become moot on the resolution of the appeal by the First Circuit." Id.  In fact, PRTC had not "completely litigated" the preemption question; at the first scheduling conference with the court, it obtained Sistema de Retiro's consent to the declaratory judgment.  Nor did Sistema de Retiro appeal, as the court stated, from a judgment to which it had consented.  The resolution of this appeal from a judgment entered on consent will not moot the question whether ERISA preempts Act 234.

them to intervene in the first suit, than by denying intervention and having the question litigated in the second. At the very least, it would have paved the way to speedy appellate resolution of the preemption question without delay resulting from the unnecessary interposition of the propriety of the denial of intervention.

For the reasons stated, we remand for the district court to determine whether the court finds it preferable to entertain Appellants' claims by now allowing them to intervene in PRTC's action and to challenge the judgment the court originally entered on the consent of PRTC and Sistema de Retiro, or by adhering to its denial of intervention while allowing the Appellants a full opportunity to litigate their claims in their separate action. Our ruling should not be construed as overturning the district court's denial of intervention or requiring that intervention be allowed. The district court did not clarify the basis of its denial of intervention. Although we believe there were significant arguments that favored allowing the intervention, it may well be that the district court had ample reasons to adjudicate the Appellants' substantive claims in the context of their separate suit, rather than through their intervention in PRTC's suit. Furthermore, in the time that has passed since the court's original decision to deny intervention, circumstances may have changed in a manner that may influence how the court proceeds. Should the district court

adhere on remand to its denial of intervention, we have no reason to believe that decision would be subject to challenge, so long as the court affords the rejected Intervenors the full opportunity to advance their claims in their separate action.

Nor should our remand be interpreted as in any way endorsing or supporting the Appellants' substantive contention that Act 234 is not preempted. That issue has not been litigated in the district court, and we express no views on it.

The sole conclusion underlying our ruling is that Appellants are entitled to one opportunity to litigate their claim of entitlement to reenter the Sistema de Retiro under authority of Act 234. The district court may afford them that opportunity either by now allowing them to intervene in PRTC's action or by allowing them to litigate their separate action.

**CONCLUSION**

Remanded for reconsideration.