**W HOLDING COMPANY, INC.,**
**et al., Plaintiffs,**

v.

**CHARTIS INSURANCE COMPANY**
**OF PUERTO RICO, Defendant;**

**Federal Deposit Insurance Corporation,**
**as receiver of Westernbank Puerto**
**Rico, Plaintiff–Intervenor,**

v.

**Frank Stipes García, et al., Cross–**
**Claim Defendants,**

**Chartis Insurance Company of**
**Puerto Rico, Previously–**
**Joined Defendant,**

and

**Marlene Cruz Caballero, et al.,**
**Additional Defendants.**

**Civil No. 11–2271 (GAG/BJM).**

United States District Court,
D. Puerto Rico.

Signed July 8, 2014.

Carlos A. Lazaro–Castro, San Juan, PR, PHV Andres Rivero, Rivero Mestre, Coral Gables, FL, for Plaintiffs.

Fernando Sabater–Clavell, Luis N. Saldana–Roman, Saldana, Carvajal & Velez–Rive, PSC., San Juan, PR, Anjali C. Das, Craig M. Derrig, James K. Thurston, Kimberly E. Rients–Blair, Michael P. Tone, Wilson Elser Moskowitz Edelman & Dicker LLP, Chicago, IL, for Defendant.

John C. Anjier, Mandie E. Landry, Carey L. Menasco, George Denegre, Jr., George Jr. Denegre, James A. Brown, Liskow & Lewis, New Orleans, LA, Larry L. Goodman, Federal Deposit Insurance Corporation, Arlington, VA, Linette Figueroa–Torres, Manuel Fernandez–Bared, Jane P. Van Kirk, Toro, Colon, Mullet, Rivera & Sifre, PSC, San Juan, PR, for Plaintiff–Intervenor.

### OPINION AND ORDER

BRUCE J. McGIVERIN, United States Magistrate Judge.

Before the court is defendant Julia Fuentes Del Collado's ("Fuentes") motion to add Arch Specialty Insurance Company ("Arch") as a defendant pursuant to Fed. R.Civ.P. 19(a). Docket Nos. 887, 888 ("Mot."). Arch, appearing specially, opposed the motion, Docket No. 980 ("Opp."). The matter was referred to me for disposition.[1] Docket No. 1130. Upon review of the parties' submissions, Fuentes's motion is **DENIED**.

### BACKGROUND

The main cause of action in this case is a $176 million suit brought by the FDIC as receiver of Westernbank Puerto Rico ("FDIC–R"), alleging that former directors and officers of Westernbank (collectively, "D & Os") were grossly negligent in the course of making certain loans. Docket No. 182. Westernbank failed in 2010, and FDIC–R

---

1. I note that a motion for joinder is akin to a motion to amend the pleadings, that is, a non-dispositive matter that may be resolved by a magistrate judge without a report and recommendation. Fed.R.Civ.P. 72(a); *DiPilato v. 7–Eleven, Inc.,* 662 F.Supp.2d 333, 341 (S.D.N.Y. 2009) (noting that a motion to amend the complaint is generally non-dispositive); *accord Frontier Ref., Inc. v. Gorman–Rupp Co., Inc.,* 136 F.3d 695, 706 (10th Cir.1998) (upholding a magistrate's order granting motion to join when plaintiff waived its right to appeal by failing to file objections with the district court).

took control of the bank as receiver on April 30, 2010.

Arch Specialty Insurance Company issued an excess insurance policy that insured Westernbank Puerto Rico, its holding company, W Holding Company, Inc., and its directors and officers for the policy period starting November 14, 2006 through November 15, 2007. Docket No. 888–1. Arch's policy limit is $10,000,000, in excess of the $40,000,000 provided by underlying insurance carriers. Chartis (now "AIG"), Liberty International Underwriters ("Liberty"), and XL Insurance ("XL"), all parties to this case, provided the underlying insurance limits for the 2006–2007 policy. AIG, Liberty, XL, and ACE Insurance Company ("ACE") provided similar coverage to W Holding, Westernbank, and the D & Os for the policy period 2009–2010. Arch did not participate in the 2009–2010 insurance program.

Prior to the FDIC–R filing suit, W Holding and the D & Os brought suit in Puerto Rico state court to enforce the primary insurance policy issued by AIG. The FDIC–R intervened in that suit and removed to federal court. In its second amended complaint, the FDIC–R named Liberty, XL, and ACE as additional defendants pursuant to the Puerto Rico direct action statute, 26 L.P.R.A. §§ 2001, 2003. Julia Fuentes Del Collado was also named a defendant for her role in administering Westernbank assets while she was a Senior Vice President at the bank through December 2007. The FDIC–R asserted that its claims fell under the 2009–2010 insurance policy's coverage. AIG and other excess insurance carriers have taken the position that the FDIC–R's claims only trigger the 2006–2007 insurance policy. Arch was never named a defendant in the case, and claims it was not formally notified of any intent to seek coverage under the Arch excess policy until February 25, 2014.

On March 12, 2014, Arch responded by letter to Fuentes, declining coverage because notice was provided far too late. On April 1, 2014, Fuentes filed this motion to add Arch as an additional defendant pursuant to Fed. R.Civ.P. 19(a)(1).

## DISCUSSION

Fuentes asserts that Arch should be joined as a required party under Rule 19(a), because Arch's absence would prevent the court from affording complete relief to existing parties; Fuentes and Arch's ability to protect their interest would be impeded; and both would face the risk of multiple or inconsistent judgments. Mot. 1. Arch appeared specially to oppose, arguing that joinder at this time would be severely prejudicial to its interests and would seriously disrupt existing proceedings. Opp. 2.

## I. Joinder Under Rule 19(a)

Rule 19(a) of the Federal Rules mandates the joinder of a "required party" when feasible.[2] *Picciotto v. Cont'l Cas. Co.*, 512 F.3d 9, 15 (1st Cir.2008). A person is a required party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed.R.Civ.P. 19(a)(1). In determining whether a particular party must be joined, Rule 19 requires the court to make "pragmatic judgments," based on "the particular circumstances of the case," and take into account "considerations of efficiency and fairness." *Picciotto*, 512 F.3d at 14 (internal quotation omitted). There is no precise formula for this inquiry. The court should bear in mind the policies that motivate Rule 19,

---

2. If joinder of a required party is not feasible, e.g. if the court cannot assert personal jurisdiction over the party, or joinder would defeat the court's subject matter jurisdiction, Rule 19(b) provides for dismissal of the suit where the necessary party is so indispensable such that the suit should not proceed. *Picciotto*, 512 F.3d at 15.

such as "the public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete and effective relief in a single action, and the interest of absentees in avoiding the possible prejudicial effect of deciding the case without them." *Id.* at 15–16 (internal quotation omitted).

### A. Ability to Accord Complete Relief to Existing Parties

■ While Fuentes asserts that Arch should be joined as its absence would prevent the court from according complete relief to existing parties, the four pages of her brief devoted to this issue never quite explains how any one party would be precluded from complete relief if Arch is not joined. On the contrary, it is quite clear that the court can accord the sought-after relief to existing parties, regardless of Arch's participation. If the FDIC–R were to prevail, the court could render a money judgment for FDIC–R against the D & Os and defendant insurers. Likewise, the court could grant relief for the D & Os (including Fuentes) and insurers by dismissing the FDIC–R's claims, finding that the defendants are not liable for the losses allegedly suffered by FDIC–R. To be sure, Arch's presence is desirable as it may be called upon to provide coverage if the underlying 2006–2007 insurance limits are exhausted, but joinder of Arch as a defendant is not an absolute necessity for the court to provide relief to existing parties.

■ Moreover, Fuentes's reliance on *Gonzalez v. Cruz*, 926 F.2d 1 (1st Cir.1991), in this regard is misplaced. The court in *Gonzalez* suggested in dicta that in some cases involving a direct action statute, the insurer may be an indispensible party, because the insurer in those cases is the "real party in interest." 926 F.2d at 6. The court, however, never reached the issue of when an insurer is a required party pursuant to the standards under Rule 19(a).[3] *Gonzalez* also does not stand for the proposition that joinder of an excess insurer is necessary to afford complete relief to existing parties. Thus, Fuentes's argument for joinder under this prong must be dismissed.

### B. Prejudice to Absentee or Existing Parties' Interest

Fuentes also argues for joinder under the other two criteria of Rule 19(a)(1)(B): the absent party's inability to protect its interest, and the risk of inconsistent judgments. Arch opposes joinder on the basis that joinder at this late stage in the case would severely prejudice its ability to mount a defense.

First, Fuentes's claim that Arch's absence would expose her to the risk of inconsistent judgments is unfounded. Were the court to rule against Fuentes on the FDIC–R's negligence claim, Fuentes would be left with an unresolved claim against Arch for insurance coverage. Fuentes and other D & Os may file suit against Arch seeking a declaration of coverage. Any such action that finds Arch is not obligated to provide coverage under the 2006–2007 excess insurance policy would not be wholly inconsistent with these proceedings. A later court may find merit in Arch's purported late notice argument, and conclude that Arch is not obligated to provide coverage because the insureds failed to fulfill certain conditions in the insurance policy.

As for Arch, its interests would be prejudiced regardless of whether it is joined in this case. Assuming that the court rules that the FDIC–R's claims trigger coverage under the 2006–2007 policy, the court's decision would only bind existing parties to the action, namely, AIG and the other excess insurers.[4]

---

3. A party that is "necessary" and should be joined under Rule 19(a) may nevertheless not be indispensable, such that the court's inability to join the required party would not mandate dismissal under Rule 19(b). *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 116, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968) (holding that even assuming non-party should be joined under Rule 19(a), he was not indispensable under Rule 19(b)); *Lopez v. Arraras*, 606 F.2d 347, 352 n. 10 (1st Cir.1979).

4. Fuentes suggests that Arch "is already precluded from seeking a determination in a later proceeding about its obligations to advance defense costs ... in light of the Court's rulings to date." Mot. 9. No further explanation is offered as to why Arch is already precluded. In any event, whether Arch is somehow precluded from relitigating issues decided by the court in this case under the doctrine of issue preclusion is far from clear at this time given the lack of analysis on the issue.

If not joined, Arch would not be bound by the judgment, but such "an adverse ruling could, as a practical matter, impair its probability of success in a future proceeding and reduce its ability to reach a favorable settlement." *Gonzalez*, 926 F.2d at 6. On the other hand, joining Arch at this time would force Arch to participate in a case that has been extensively litigated for close to three years (the D & Os' original action against AIG was filed in October 2011), and is now at the summary judgment stage. Dispositive motions were due on April 1, 2014, the same date Fuentes filed this motion for joinder. And as Arch rightly points out, granting joinder may require the re-opening of discovery, further delaying these proceedings. Opp. 11. While joinder would serve the "public interest in preventing multiple and repetitive litigation," it is not clear that joinder at this point in time best serves the interests of the parties[5] and general considerations of efficiency. *Picciotto*, 512 F.3d at 15. The FDIC–R and the D & Os have an interest in the swift resolution of their claims against each other. Joining Arch would throw a wrench into the existing case-management deadlines, with seemingly minimal benefit to existing parties. Arch itself opposes joinder, and sees more prejudice resulting from joinder than non joinder.

Therefore, upon careful review of all the circumstances surrounding this case, on balance, I find that Arch is not a necessary party under Rule 19(a) and Fuentes' motion should be denied. This leaves unresolved the issue of Arch's excess insurance coverage, but Fuentes and the D & Os are free to file a separate action against Arch in this court or another forum, seeking a declaration of coverage.

## CONCLUSION

For the foregoing reasons, Fuentes's motion is **DENIED**.

**IT IS SO ORDERED.**

---

**5.** Notably, no other party has formally joined or opposed Fuentes's Rule 19 motion.